MICHAEL FITZPATRICK, APPELLANT, vs. WILLIAM H. TURNER,. APPELLEE.

The period of two years from the rendition of judgment is allowed for taking an appeal. This period having elapsed without appeal, a party cannot regain his lost opportunity by an appeal from an unfavorable decision of a motion to set aside the judgment for irregularity.

Appeal from the Circuit Court, Fourth Judicial Circuit, Nassau County.

A statement of the case is contained in the opinion of the court.

*John Friend* for Appellant.

*Liberty Billings* for Appellee.

FRASER, J., delivered the opinion of the Court.

This is a proceeding for the foreclosure of a mortgage, commenced August 31, 1870, and was filed October 3, 1870, and the cause set down for trial at the fall term of the same year, November 9, 1870. Notice by defendant's attorney to plaintiff was served and filed in the cause, setting forth that the attorney withdrew the answer of the defendant, and no longer represented the defendant in the cause. November 10, 1870, the court rendered judgment by default against the defendant for want of an answer, and ordered the clerk to assess the damages, which having been done, and judgment entered for the amount of the mortgage money, with costs, execution issued thereon November 30, 1870. After the issuing of the execution, the defendant having employed other counsel, made an affidavit setting forth the grounds of his defence to the plaintiff's action, alleging irregularity of the proceedings prior to the judgment, and that execution had illegally issued. This affidavit was served on the sheriff

having the execution, December 27, 1870. The sheriff thereupon returned the execution and affidavit to court in pursuance of the provision of section 2, act of February 15, 1834, concerning executions. With the exception of notices of trial, served from term to term by defendant's attorney, nothing further appears to have been done, nor any motion, or application made in the cause, until April 22, 1873, when the following order was made by the court :

"Motion to stay execution and to set aside the judgment of foreclosure overruled, April 22, 1873."

From this order the defendant appeals to this court, and assigns for error the denial of his motion to set aside the judgment. The judgment of the court below in this cause having been rendered on the 10th November, 1870, the defendant had two years from that time to take his appeal. Instead of adopting this course, he chose to attack the legality of the execution, and assert his rights in that form. If he has mistaken his remedy, it is now too late for this court to afford him relief. The reversal of the order of April 22, 1873, would operate simply to give the defendant all the advantage that he could possibly have derived from an appeal from the judgment within the time limited by the statute. But what he cannot attain directly he will not be allowed to do indirectly, and there being no illegality in the execution, it having issued upon a judgment duly entered of record, and the time for appeal having passed, the defendant's remedy is not in this form.

The order of the court below is affirmed, with costs, and the case remitted for further proceedings according to law.

WESTCOTT, J.

As I understand the record in this case, it does not present for our consideration any motion to open the default or set aside the judgment. It is true that something is said in the affidavit of illegality about setting aside the judgment, but no such motion is in the record, and the

affidavit of illegality is the proper foundation for the stay of execution and the trial of its legality when returned to the court, and of that only. I agree to the affirmance of the judgment of the. court below for the reason that the affidavit sets forth no illegality in the execution. What is stated has little to do with this question, but enters into the merits of the judgment, rather than the illegality of the execution issued thereon.