THE STATE OF FLORIDA EX REL. PENSACOLA & AT-
LANTIC R. R. CO. ET AL., VS. DAVID S. WALKER,
CIRCUIT JUDGE.

1. A peremptory writ of mandamus will not be granted against
the defendant named in the alternative writ when he has not ap-
peared in the action, and there is no evidence of legal service
of the alternative writ on him.

2. The act of June 2d, 1887, limited the time for taking appeals to
the Circuit Court from judgments of justices of the peace to
thirty days, and no review of such judgments could be had
by a writ of error taken after the expiration of the thirty days.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion of
the court.

*John H. Carter* for Plaintiff.

RANEY, C. J.:

The alternative writ of mandamus was issued Decem-
ber 2nd, 1889. The endorsement of service is as fol-
lows: "Executed this 5th day of December, 1889, by
serving a true copy of the within mandamus on David
S. Walker, Circuit Judge. Joseph Wilkins, Sheriff
Es. Co., Fla."

The sheriff of Escambia county was not at the time
of the service of the writ the sheriff of this court, nor
even *ex-officio* a deputy of our sheriff, as he is now
under Section 1324 Rev. Stat., nor is there any evi-
dence that he was ever deputized by our sheriff to
make the service; therefore there is no legal evidence
of service of the writ (Williams vs. Hutchinson, 26
Fla., 513, 7 South. Rep., 852; Gibbens vs. Pickett, 31
Fla., 147, 12 South. Rep., 17; Tapping on Mandamus,

432 SUPREME COURT.

State ex rel. P. & A. R. R. Co. et al. v. Walker.—Opinion of Court.

349, m. p. 300), even if it be that such a writ can be lawfully served by a private person in this State, as it seems can be done in some jurisdictions. High on Ex. Legal Remedies, Section 517. Consequently, and in view of the fact that the defendant never appeared, there has not been a legal basis for proceeding against him. It will be ordered accordingly.

Upon motion to amend the return.

*John H. Carter* for motion.

RANEY, C. J.:

The relator has moved to amend the return. Waiving the manifest insufficiency of the motion, and the question of the abatement of the proceeding, in view of the death of Judge Walker, the motion must be denied for the reason that a writ of error does not lie from the Circuit Court to review the judgment of a justice of the peace. The Constitution of 1868, as amended in 1875 (sec. 8 Art. VI), gave the Circuit Courts final appellate jurisdiction in all civil cases arising in a court of a justice of the peace where the amount or value of the property involved was $25 and upwards. An act of February 10th, 1877 (sec. 104, p. 650 McClellan's Digest), provided that any party dissatisfied with a judgment of a justice of the peace might within ten days after the entry of the judgment appeal to the Circuit Court of the county, but to make his appeal effectual he or his agent or attorney should make and file with the justice an affidavit that he appeals in good faith, and not for the purpose of delay, and also file a specified agreement, signed by one or more sureties and conditioned, if the appeal should be

dismissed or judgment be rendered against the appellant, to pay the amount of the judgment with interest and all costs, and guaranteeing that the appellant would comply with the final judgment and order of the court. In 1882 this court in State *ex rel.* vs. Baker, 19 Fla., 19, decided that this jurisdiction of the Circuit Court was merely appellate, and did not extend to the trial of the cause *de novo*, but that such an appeal had the effect of a common law writ of error, and that upon it any errors apparent upon the record were examinable. See also State *ex rel.* vs. Vann, 19 Fla., 20. In 1885, by an act approved February 15th, it was provided that "appeals by bill of exceptions" are authorized to be taken from the courts of justices of the peace to the Circuit Courts, "as is now provided for in appeals from the Circuit Courts to the Supreme Court." In 1885 the Constitution was revised, the revision taking effect January 1st, 1887, and as revised it (sec. 11 Art. V) gives the Circuit Courts final appellate jurisdiction in all civil cases arising before justices of the peace in counties in which there is no county court; and subsequently, in the last stated year, by a statute approved June 2nd, it was enacted that any person should have the right to "appeal" from any judgment entered by any justice of the peace in this State in all civil actions or proceedings, and that "such appeals should be taken to the Circuit Courts by bill of exceptions in the same manner and within the same time as now prescribed by law for appeals from the Circuit Courts to the Supreme Court;" such statute not to apply in counties where county courts are organized under Section 18 of Art. V of the Constitution.

In our judgment it was the intention of the Legislature of 1877, and up to the act of 1885, if not to that of

1887, to limit the time for taking proceedings to review the judgment of a justice of the peace to ten days. Such appeal, as we have seen, had the effect of a common law writ of error. The "appeal" or "appeals" from the Circuit to the Supreme Court, referred to in the act of 1887, are statutory appeals in cases at law, and not writs of error, and such appeals had to be taken within thirty days after the entry of judgment. Much more than this period had elapsed after the entry of the judgment of the justice of the peace when the writ of error, which Judge Walker refused to entertain, was taken, and we think he did not err in his action. We do not mean to concede that our practice has at any time—either under the old law of appeals from justices of the peace, as it is to be found in Thompson's Digest, Section 5, p. 474, or as it has been since—recognized a writ of error as the proper mode of reviewing a judgment of a justice of the peace.

The motion is denied.