H. O. COLLIER AND OTHERS, COUNTY COMMISSIONERS OF SUMTER COUNTY, *Appellants,* v. W. F. CASSADY AND OTHERS, *Appellees.*

1. A law which is a general law, which is potentially applicable to every county in the State, though at the time of its passage it applies to but some of the counties.

2. The legislature may provide that there be no county seat elections in counties having built a court house, until that court house be twenty years old.

3. A proviso to an act for the removal of county seats that it "shall not apply to any county having constructed a court house within the past twenty years" is prospective and the period runs back not from the passage of the act, but from the date of the filing of the petition thereunder for a removal.

4. Objections specifically abandoned in the Circuit Court, may not in general be renewed in the Supreme Court.

Appealed from the Circuit Court for Sumter County.

The facts in the case are stated in the opinion of the court.

*Hocker & Duval* and *J. B. Gaines,* for Appellants;

*W. F. Himes,* for Appellees.

COCKRELL, J.—This is an appeal from an order enjoining among other things the removal of the county seat of Sumter county from the town of Sumterville, and overruling the demurrer to a bill filed to that end by certain resident tax payers in or near that town. The whole case depends upon the constitutionality of Chapter 6239

of the Laws of 1911, entitled "AN ACT to Provide for the Change and.Establishment of County Sites, Calling Elec-tions for, and Prescribing the Regulations Under Which Such Elections Shall Be Held, and Providing a Penalty for the Use of Money, Goods or Chattels, to Secure Votes or Influence for Any Place as County Site in Such Elec-tions, and Specifying Who Shall Be Qualified to Vote in the Said Elections."

No objection is urged to the title to the Act, but it was successfully insisted before the Circuit Judge that the tenth section of the Act destroyed its dignity as a gen-eral law, within the inhibition of Art. VIII, section 4, forbidding the legislature to remove the county seat of any county, and commanding it "shall provide by gen-eral law for such removal."

After general provision for change of the county seat in any county by a majority vote upon application to the county commissioners by a petition signed by one-third of the qualified electors, a radical departure was made from the old law in that provision is made where there is a failure of any place voted for receiving a major-ity over all other places, the provision being that a sec-ond election be promptly held in which only the two places receiving the highest number of votes are placed upon the ballot.

Under the Act an election was held in Sumter county on September 1, 1911, at which election the vote was de-clared to be for Sumterville 68 votes, for Bushnell 282 votes, for Coleman 269 votes, for Webster 271 votes, for Wildwood 305 votes, and a second election was called for the 29th of that month at which the voters might choose between Wildwood and Bushnell.

The objectionable language in the tenth section of Chap-

ter 6239 reads, "The provisions of this Act shall not apply to any county having constructed a new court House within the past twenty years."

It is true that this court in County Commissioners of Lake county v. State, 24 Fla. 263, 4 South. Rep. 795, said: "The purpose of section 4 of Article 8 of the Constitution, considered independently of the proviso was to prohibit the Legislature from removing the county site of any county otherwise than by a general law, applicable to all cases of removal," but as clearly appears in that opinion the case depended solely on the proviso; and the words "applicable to all cases of removal" are additions to the language of the constitution, not thoroughly considered by the court as being outside the case before it which was the validity of a purely local or special law creating the county of Lake.

It will be noted that the requirement of a general law for the removal of county seats is not included within the 20th section of the legislative Article, prohibiting local or special laws on certain subjects, and as to which special subjects the succeeding sections requires "all laws shall be general and of uniform operation throughout the State," but the inhibition is under the Article entitled "Counties and Cities" and after providing that the law for the removal of county seats be a general law, the constitution does not further emphasize the generality by saying it shall be of uniform operation throughout the State. The evil aimed at was the harm that might result and had theretofore resulted in this State by sudden changes wrought through local acts, passing the legislature hastily without full, if any, consideration, upon the request of the local members, and we can refuse to apply legislation for the removal of county seats, only

when we can clearly say that the legislation of necessity is local and may not be, potentially at least, of general operation.   It need not be immediately in fact applicable everywhere.

To bring the discussion to the concrete case, the legislature may provide that there be no county seat removal until the courthouse already built at the county seat shall be twenty years old; every county in the State is brought potentially within the Act though it may be some time before a particular county may indulge in the excitement of a county seat fight, while others may do so immediately, but the legislature may surely safeguard the property rights of the tax payers as against the wishes of those who enjoy the agitation of the political arena.

We think the language of the provisio means nothing more or less than to postpone all removal contests until the court house shall be twenty years old, and that the twenty years period is counted not from the passage of the act, but from the filing of the petition for the election.

The Circuit Judge states in his findings that the complainants abandoned the contention that thirty days notice of the second election was not given, and they will not be permitted to renew it here.

The act is not beyond the legislative authority, the bill of complaint is without equity and should be dismissed.

Order reversed.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and HOCKER, J. J., concur.