STATE OF FLORIDA ex rel. LEE G. BLISS, *Petitioner*, v. J. S. BLITCH, as Superintendent of State Prison, *Respondent*.

En Banc.

Opinion filed September 30, 1930.

*Edgar C. Thompson*, for Petitioner;

*Fred H. Davis*, Attorney General, for Respondent;

*E. B. Donnell, E. M. Baynes, John Zeigler, J. R. Bullock, Edwin G. Osteen, J. Stockton Bryan* and *W. E. Roebuck*, as *Amici Curiae*.

PER CURIAM.—In *habeas corpus* proceedings the release of the petitioner from prison under sentence of the Crim-

inal Court of Record for Palm Beach County is sought on the ground that Chapter 11363, Acts Extraordinary Session 1925, which establishes the court, is inoperative because it is a local law and no notice of intention to apply for its passage was published as required by the Constitution. The provisions of the Constitution to be considered are Section 24, Article V, and Sections 20 and 21, Article III, before the amendment to Section 21, Article III, was adopted in 1928.

The title and Section 1 of Chapter 11363 is as follows:

"AN ACT to Establish a Criminal Court of Record in the County of Palm Beach.

"*Be It Enacted by the Legislature of the State of Florida*:

"Section .1. There shall be and is hereby established a Criminal Court of Record in and for the County of Palm Beach."

The establishment of a court is not among the classes of laws enumerated in Section 20, Article III, Constitution, that under Section 21, "shall be general and of uniform operation throughout the State."

The title, enacting clause and Section 1 of Chapter 11363, establish a Criminal Court of Record for Palm Beach County. The first section of the Act is specifically authorized by Section 24, Article V, Constitution. See State ex rel. McQuaid v. Commissioners of Duval County, 23 Fla. 483, 3 So. R. 193. Section 1 is severable from, and is effective without, the remainder of the act.

The Journal of the House of Representatives at the Extraordinary Session of 1925, page 833, after recording the vote on the passage of the bill to establish a Criminal Court of Record in the county of Palm Beach, contains the following, which in this case imports verity:

"Evidence that the notice required by Section 21 of Article III of the Constitution of the State of Florida has been published in the locality where the matter or thing to be affected is situated, which notice stated the substance of the contemplated law, and was published at least sixty days prior to the introduction into the legislature of the foregoing bill, and in the manner provided by law, was duly established in the House of Representatives before the foregoing entitled bill was passed."

If the provisions of Section 21, Art. III, Constitution, requiring the publication of notice of proposed special or local laws, are applicable, the legislature journals show a compliance with the organic requirements.

In Williams v. Dormany, 99 Fla. 496, 126 So. R. 117, it was alleged that no notice was given of a bill passed at an extraordinary session of the legislature and it was not shown by the journals of the legislature or otherwise that the notice required by the Constitution was duly published and established in the legislature. Nor was any such showing made in Horton v. Kyle, 81 Fla. 274, 88 So. R. 757.

Petitioner remanded.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM, BROWN and BUFORD, J. J., concur.