STATE OF FLORIDA, ex rel. W. B. VEAL, *Relator*, vs. BURTON BARRS, as Judge of the Civil Court of Record for Duval County, Florida, and J. NOONEY & CO., INC., a corporation, *Respondents.*

140 So. 908.

En Banc.

Opinion filed April 18, 1932.

*Ernest E. Roberts,* for Relator;

*H. P. Adair, P. H. Odom, E. J. L'Engle, A. W. Cockrell, Jr., George C. Bedell* and *Gary Alexander,* for Respondents.

DAVIS, J.—The facts upon which the writ of prohibition

is sought in this case are as follows: J. Nooney & Co., Inc., on September 21, 1931, instituted suit against the relator, W. B. Veal, in the Civil Court of Record for Duval County, Florida. On that day the Civil Court of Record issued a summons ad respondendum directed to all and singular the sheriffs of the State of Florida. On September 22, 1931, the summons ad respondendum was placed in the hands of the Sheriff of Dade County, Florida, who, on the 24th day of September, 1931, duly served the same in Dade County, Florida, upon the defendant named therein, W. B. Veal. The return day in the summons was the first Monday in October, 1931. On or before the appearance day, said W. B. Veal, named in the summons as defendant, entered his special appearance in the Civil Court of Record for Duval County solely for the purpose of contesting the jurisdiction of said court over his person by reason of the service of the summons ad respondendum which had been made upon him in Dade County, and not in Duval County. Thereafter in due course, the defendant moved to quash the service upon the ground that under Senate Bill 351, 1931 Session of the Legislature, which became Chapter 14664, Acts of 1931, a summons ad respondendum issued out of a Civil Court of Record was provided to run throughout the *county* only where such Civil Court of Record is situated, and should be directed to the Sheriff of such county, and not to all and singular the sheriffs of the State of Florida, as was done in said case. The respondent Judge of the Civil Court of Record of Duval County denied the motion to quash. This having been done, petitioner Veal applied to this Court for a rule *nisi* in prohibition alleging that the Civil Court of Record of Duval County was about to take further proceedings in said cause against him without having acquired jurisdiction over his person through the service of a proper summons

ad respondendum, or otherwise. Speight v. Horne, 101 Fla. 109, 133 Sou. Rep. 574, 577.

This Court granted the rule *nisi* and the cause is now before the Court on the demurrer of the respondent Judge to the relator's suggestion for a writ of prohibition absolute.

Chapter 14664, Acts of 1931, reads as follows:

"AN ACT to Amend Section 9 of Chapter 11357, Acts of the Extraordinary Session of 1925, the Same Being Section 5164 of the Compiled General Laws of Florida, 1927, Relating to Rules of Procedure and Prescribing the Issuance, Service and Return of Process for Civil Courts of Record.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

Section 1. That Section 9 of Chapter 11357, Acts of the Extraordinary Session of 1925, the same being Section 5164 of the Compiled General Laws of 1927, relating to rules of procedure, and prescribing the issuance, service and return of process for Civil Courts of Record be and the same is amended to read as follows:

'5164. RULES OF PROCEDURE. Rules of pleading, practice, procedure and evidence, and the laws of this State prescribing rules of pleading, practice, procedure and evidence, and prescribing issuance, service and return of process for Circuit Courts, shall, so far as they are applicable, govern such Civil Courts of Record; provided, however, that in all civil causes summons ad respondendum and other process, when issued out of any Civil Court of Record of this State shall run throughout the county only where such Civil Court of Record is situated and shall be directed to the Sheriff of such County.'

Section 2. All laws and parts of laws in conflict with this are hereby repealed.

Section 3. This Act shall become a law upon its passage and approval by the Governor, or upon its becoming a law without his approval.

Approved June 2, 1931."

By reference to this Act, it will be noted that it undertakes specifically to amend Section 9 of Chapter 11357, Acts of the Extraordinary Session of 1925. The Section attempted to be thus amended appears as Section 5164 of the Compiled General Laws of Florida and refers to rules of procedure and prescribes the issuance, service and return of process for certain courts designated as Civil Courts of Record. Conceding, therefore, for the sake of argument, that the statute as drawn is constitutionally sufficient for its purpose,* the respondent contends that by its own terms it is not applicable to the court functioning as the Civil Court of Record of Duval County, Florida, and if not so applicable, that the writ of prohibition should be denied by reason thereof. With that contention we shall presently deal.

Section 1 of Chapter 14664, Acts of 1931, Laws of Florida, purports by its title and terms to amend *only* Section 9 of Chapter 11357, Acts of 1925. Chapter 11357, Acts of 1925, created in a certain class of counties therein described certain Civil Courts of Record other than the Civil Court of Record of Duval County, which last mentioned Court was already in existence and functioning at the time under the provisions of Chapter 8521, Acts of 1921.** Unless therefore by some legitimate rule of construction, the proviso in amended Section 9 of Chapter 11357, Acts of 1925, can be extended to process issued by the Civil Court of Record of Duval County, which exists under a separate, different and disconnected statute, Chapter 14664, *supra,* can have no effect upon

---

*The principal contention on constitutional grounds is that the statute as operative is so unjustly discriminatory against litigants having claims cognizable only in Civil Courts of Record in counties where they exist, that it denies due process of law and equal protection of the laws to such litigants.

**Courts created under Chapter 11357, Acts of 1925, came into existence in counties having 100,000 or more population according to the last *State* census. Chapter 8521 had already created a different kind of Civil Court of Record in all counties of more than 100,000 population according to the last *Federal* census.

process of any Civil Court of Record other than those Civil Courts of Record which were created and exist under Chapter 11357, as hereinbefore mentioned.

The purpose of creation, history and legal status of the Civil Court of Record in and for Duval County is a matter of which this Court takes judicial notice. Indeed it is a matter concerning which the bar of Florida is generally familiar since it was first in Duval County that Civil Courts of Record had their initial conception, creation and existence. The original Civil Court of Record in that County was organized under Chapter 6904, Acts of 1915, which Chapter was re-enacted in the Revised General Statutes of 1920 as Sections 3310-3324, R. G. S.

Pursuant to the 1915 statute, the Civil Court of Record in and for Duval County, with the Judge provided therefor by law, began to function. Afterward in 1921 the Legislature enacted Chapter 8521, Acts of 1921, by which another Court of the same name was created, with a continuance of substantially the same kind of jurisdiction and powers as the old. The subsequent organization and functioning of the present Civil Court of Record of Duval County as a separate and distinct Civil Court of Record from the other Civil Courts of Record of this State, has been consistently recognized for more than ten years last past, not only by this Court, but by the Legislature itself, which, in enacting Chapter 11357, Acts of 1925, Extraordinary Session, designedly brought into existence another class of Civil Courts of Record, giving to them the same title but conferring a broaded jurisdiction with correspondingly increased powers substantially different in terms and relative degree from that provided to be possessed and exercised by the Civil Court of Record of Duval County under Chapter 8521. For example, under Chapter 11357, *supra*, Civil Courts of

Record are given jurisdiction in controversies involving amounts up to $5,000.00, while under Chapter 8521, the Courts there created are limited to $3,000.00. In counties where county courts have been abolished, it is provided that such Civil Courts of Record under Chapter 11357, shall have two judges. See Chapter 11970, Acts of 1927. Other distinctions of importance could be pointed out, but these are sufficient to demonstrate the difference in the character of the courts created by Chapter 11357, *supra*, despite their similarity in name to those created by Chapter 8521, *supra*.

The Civil Court of Record of Duval County has never functioned nor exercised jurisdiction other than under Chapter 6904, Acts of 1915, Section 3310-3324, R. G. S., and Chapter 8521, Acts of 1921. This fact has been noted and referred to in many opinions of this Court, whereof a few are hereinafter cited.

The Supreme Court of Florida, both in directing and sustaining the Civil Court of Record in Duval County as to its jurisdiction, process and procedure, has invariably based its decisions on the particular laws hereinbefore referred to under which the Civil Court of Record of Duval County was brought into existence and continued to function, and in no instance, that we are aware of, has this Court referred to Chapter 11357, Acts of 1925, or any Act amendatory or supplementary thereto, as having any bearing on the status or powers of those Civil Courts of Record authorized and acting solely under Chapter 8521. Forest Investment Co. v. Aultman, 80 Fla. 790, 87 Sou. Rep. 43; American Ry. Exp. Co. v. Weatherford, 84 Fla. 264, 93 Sou. Rep. 740; State ex rel. Royal Ins. Co. v. Barrs, 87 Fla. 168, 99 Sou. Rep. 668; Barrs v. State ex rel. Jacksonville Realty & Mtge. Co., 91 Fla. 30, 107 Sou. Rep. 249; Atlantic Coast Line Ry. Co. v. Florida Fine Fruit Co., 93 Fla. 161, 112 Sou. Rep.

66; Barrs v. State ex rel. Britt, 95 Fla. 75, 116 Sou. Rep. 28.

The original jurisdiction of the Civil Court of Record of Duval County under the Act of 1915 was confined to a maximum amount of $1500.00. This was increased in 1921 to $3,000.00, in all cases at law where: (a) the cause of action in whole or in part accrued in the county, or (b) the property involved in whole or in part was in the county, or (c) the defendant, or one of the defendants, was found in the county, and in all cases just enumerated, such Court was given exclusive original jurisdiction both by the statute and constitution.

Civil Courts of Record recognized under Chapter 8521, *supra,* are, within the amounts of their jurisdiction, placed by the Act creating them, upon the same footing as Circuit Courts, and in order that such Civil Courts of Record could properly perform the judicial functions assigned to them in the counties where they existed, it was deemed essential that the process of such courts should extend beyond the limits of the county wherein they were created, in like manner as the process of Circuit Courts runs from the Circuit Court issuing it, to all and singular the sheriffs of all the counties of the State of Florida, against defendants in other counties.*

Such purpose and intent was clearly indicated in original Sections 10 and 11 of Chapter 6904, Acts of 1915, which were re-enacted in R. G. S. 3319 and 3320, and again reproduced in exact terms as Sections 9 and 10 of the 1921 Act (Chapter 8521).

The Sections referred to as appearing in the 1921 Act, *supra,* read as follows:

"Sec. 9. The rules of pleading, practice, proce-

---

*To have provided otherwise might have left the Circuit Courts with jurisdiction of cases within the jurisdictional amounts but not "cognizable" by Civil Courts of Record by reason of their inability to legally perfect service of their process outside the County. See Section 11, Article V, Constitution.

dure and evidence, and the laws of this State prescribing rules of pleading, practice, procedure and evidence, and prescribing the services and return of process of Circuit Courts, shall, so far as they are applicable, govern in Civil Courts of Record.

Sec. 10. All the provisions of the Revised General Statutes of Florida, and laws amendatory thereof or supplementary thereto, which can be applied to the Civil Courts of Record, or to any proceeding therein, or to any officer thereof, shall be applicable thereon in all cases except where they are inconsistent with the provisions of this Act.''

These Sections of the Act of 1921 stand today unmodified by amendatory act, or otherwise, as will be seen from a careful examination of all the existing subsequent statutes. Chapter 11357, Acts of 1925, does not amend them because it contains an express provision to the effect that such latter Act ''shall not apply'' to any Civil Court of Record which had already been created under Chapters 6904 and 8521. This being so, it would seem to follow now that if the whole of Chapter 11357, Acts of 1925, as it stood unamended, did not apply to those other Civil Courts of Record which had been created and were in existence under Chapter 8521, Acts of 1921, that the amendment made by the 1931 Legislature to Section 9 of Chapter 11357, Acts of 1925, is likewise inapplicable to such Civil Courts of Record as were created, and which were empowered to function as independent courts, under the prior acts.

Chapter 14664, Acts of 1931, by its very terms, is limited to nothing more than an attempt to amend Section 9 of Chapter 11357, Acts of 1925. Being so limited in its terms, it can be given no legal effect as an amendment to Sections 9 and 10 of Chapter 9521, Acts of 1921. This leaves the last mentioned sections of the 1921 Act in full force and vigor, notwithstanding Chapter 14664, and that being true, relator in this case is without standing

to be awarded a writ of prohibition absolute to restrain further proceedings in the case which had been instituted against him in the Civil Court of Record of Duval County. This is necessarily so because relator claims no right to such a writ except such right as may be properly predicated upon and supported by Chapter 14664, and if that Chapter is not applicable to the Civil Court of Record of Duval County, the Civil Court of Record of Duval County has jurisdiction over respondent's person through the service of process admittedly made upon him in Dade County and such Court should not be prohibited in this proceeding from exercising it.

We are not unmindful of the attack which has been made upon the constitutionality of Chapter 14664 as hereinbefore mentioned, but in view of the fact that the constitutionality of the Act is not necessary to be decided in the present case, we reserve the constitutional ground for future consideration in a proper case in the event it becomes necessary for us to pass upon it. The demurrer to the suggestion for writ of prohibition should be sustained and the proceeding dismissed because Chapter 14664, Acts of 1931, is not legally applicable to the Civil Court of Record of Duval County, which exists under Chapter 8521, Acts of 1921, and not under Chapter 11357, Acts of 1925, and an order to that effect will be entered.

Writ of prohibition absolute denied and proceeding dismissed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.