STATE OF FLORIDA, ex rel. STEPHEN A. VETTER, vs. GEORGE
F. McCALL, Clerk of the Civil Court of Record in and
for Dade County,

145 So. 841.

Opinion filed January 4, 1933.

*Robert J. Boone*, for Petitioner;
No appearance for Respondent.

WHITFIELD, J.—Under original Section 1, Article V, of the Constitution of 1885, the judicial power of the State was vested in a Supreme Court, Circuit Courts, Criminal Courts, County Courts, County Judges and Justices of the Peace. County Courts were given jurisdiction in cases at law not exceeding $500.00. Section 18, and County Judges' Courts jurisdiction in cases at law not exceeding $100.00. Circuit Courts were given exclusive original jurisdiction in all cases at law "not cognizable by inferior courts," and the process of the Circuit Court runs throughout the State. In 1914 Section 1, Article V was amended so as to include "such other courts or commissions as the legislature may from time to time ordain and establish." When under the amendment to Section 1, Article V, Chapter 11375, Acts of 1925, provided for civil courts of record with jurisdiction in law cases not exceeding $5,000.00 exclusive of interest and costs, a portion of the original jurisdiction of the Circuit Courts was taken from them and conferred upon Civil Courts of Record established under Chapter 11357, and the process of the Civil Courts of Record was similar to that of the Circuit Courts.

But the original sections of the constitution and the amendment to Section 1, Article V, do not contemplate that a portion of the constitutional jurisdiction of the Circuit Courts can be taken away and conferred upon an inferior court with statutory restrictions as to process which in effect denies jurisdiction to the inferior courts in cases taken from the jurisdiction of the Circuit Court whose process runs throughout the State.

Such a restriction of the process of the courts to whom

is given a part of the jurisdiction of the Circuit Courts, violates the intent of Section 4, Declaration of Rights, as well as the amendment to Section 1, Article V.

The Civil Court of Record for Duval County established under Chapter 8521, Acts of 1921, has jurisdiction in cases at law "when the matter in controversy does not exceed, exclusive of interest and costs, the sum or value of three thousand dollars," and the process of that court runs throughout the State as does the process of the Circuit Courts. See State ex rel. v. Barrs, 105 Fla. 27, 140 So. 908.

The Constitution does not contemplate that the process of Civil Courts of Record with greater jurisdiction taken from the Circuit Courts shall be confined to the county, while the process of a Civil Court of Record with less jurisdiction taken from the Circuit Courts shall run throughout the State. Chapter 14664, Acts of 1931, is inoperative because it is in conflict with the intendments of Section 1, Article 5, as amended and Section 4, Declaration of Rights, Constitution of 1885.

Let peremptory writ issue.

BUFORD, C.J., TERRELL, BROWN AND DAVIS, J.J., concur.

BUFORD, C.J., concurring.—Vetter filed suit in the Civil Court of Record in and for Dade County in which suit Honorable W. V. Knott as State Treasurer and Ex-officio Insurance Commissioner, under the laws of the State of Florida, was required to be served with summons ad res. Praecipe was filed in the said Civil Court of Record directing the Clerk to issue summons ad res to be served on W. V. Knott at the office of the State Treasurer in Tallahassee, Florida. The Clerk declined to issue the summons because of the provisions of Chapter 14664, Acts of 1931, which amended Section 9 of Chapter 11357, Acts of Extra-ordinary Session of 1925, and which provides:

"That in all civil causes summons ad respondendum

and other process, when issued out of any Civil Court of Record of this State shall run throughout the county only where such Civil Court of Record is situated and shall be directed to the Sheriff of such county.''

Vetter filed his petition in this Court to coerce McCall by mandamus to issue the summons ad res. Alternative writ was issued. No return has been made. Motion has been filed for peremptory writ.

It is unnecessary for us to discuss any question in this case except that which involves the constitutionality of Chapter 14664, supra. Section 11 of Article V of the Constitution provides:

"The Circuit Courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law not cognizable by inferior courts,'' etc.

Section 5156 C. G. L., which was Section 1 of Chapter 11357, Extraordinary Session of 1925, provides in part:

"All such civil courts of record for each county respectively shall have exclusive, original jurisdiction in all cases at law, including writs of attachment and garnishment where the matter in controversy does not exceed, exclusive of interest and costs, the sum or value of five thousand dollars, and also where (a) the cause of action in whole or in part, arose or accrued in the county, or (b) the property involved in whole or in part, is in the county, or (c) the defendant or one of the defendants is found in the county.''

It is, therefore, clearly apparent that where a cause of action in which the matter in controversy does not exceed the sum or value of $5,000.00, and which may be the subject matter of a civil suit, arises in a county where a civil court of record is established, such Civil Court of Record has exclusive jurisdiction of the cause, and if Chapter 14664, supra, is valid and the defendant in that suit resides beyond the limits of the county where the cause of action accrued, the complainant can not maintain his suit in that county because his claim is not within the juris-

diction of the Circuit Court and he is precluded from having service of process upon the defendant issued out of the Civil Court of Record.

Section 4 of the Declaration of Rights under our Constitution provides:

"All courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay."

The Civil Court of Record of Dade County is one of the courts of this State and the provisions of Chapter 14664 would close the door of such court to the complainant in a suit such as that above referred to and such as the one which is the basis of this litigation.

We must, therefore, hold that Chapter 14664, supra, contravenes the provisions of Section 4 of the Declaration of Rights under our Constitution and is, therefore, invalid.

The peremptory writ should issue.

BROWN, J., concurs.