SINCLAIR REFINING COMPANY v. PARKS C. HUNTER, *et al.*, Individually and as Co-Partners Doing Business Under the Name of CENTRAL GEORGIA OIL COMPANY.

191 So. 38
Division A
Opinion Filed July 21, 1939
As Modified on Rehearing August 1, 1939

*Frank L. Butts,* for Petitioner;

*Roy S. Wood* and *Troy C. Davis,* for Respondents.

BUFORD, J.—This case is before us on certiorari directed to the judgment of the Circuit Court of Dade County dismissing writ of error to the Civil Court of Record of Dade County, which writ of error was sued out pursuant to a judgment entered on October 26th, 1936. The writ of error was sued out on April 23, 1937.

The writ of error was dismissed in the circuit court because in its suing out the provisions of Section 3 of Chapter 15666, Acts of 1931, were not complied with in that the writ of error was sued out more than thirty days after the entry of the judgment to which it was addressed without the judge of the civil court of record or either of the judges of the appellate court having made an order extending the time within which such writ of error could be sued out.

Sections 1, 2 and 3 of Chapter 15666, Acts of 1931, are as follows:

"Section 1. The circuit court of any county in this State in which there shall be established and existing a civil court of record under and pursuant to Chapter 11357, Laws of Florida, approved November 30, 1925, shall have final appellate jurisdiction in all civil cases arising in such civil court of record.

"Section 2. All proceedings in the circuit court to review any final judgment rendered in or by such civil court of record, shall be by writ of error, issued out of any (*sic*) by said circuit court and directed to said civil court of record.

"Section 3. All such writs of error shall be tested in the name of the judge or judges of said appellate court, as the case may be, and shall issue on demand as a matter of right, from the office of the clerk of said appellate court or from that of the clerk of said civil court of record, and shall be sued out not later than thirty days after the entry of the final judgment sought to be reviewed, and shall be made returnable to said appellate court not more than forty days after the date of the writ; provided, that the judge of said civil court of record or either of the judges of said appellate court shall have power on good cause shown, to extend the time within which said writ of error may be sued out or

made returnable; and provided further that no dismissal shall be had on account of such writ having been made returnable on a legal holiday or Sunday."

Chapter 11357, Extraordinary Session of 1925, established civil courts of record in all counties in Florida having a population of 100,000 inhabitants according to the last State census, and which said counties at that time had no civil court of record established.

In the case of State of Florida *ex rel.* Rifas v. Atkinson, *et al.*, 102 Fla. 1028, 137 Sou. 266, we said:

"The Civil Court of Record which exists in Dade County is provided for by Chapter .11357, Acts of 1925, Special Session Laws, approved November 20, 1925. The object of Chapter 15666, Acts of 1931, *supra,* is to provide for and regulate writs of error from the circuit courts to those civil courts of record in this State which are organized and exist under said Chapter 11357, Acts of 1925, and to provide a special mode for hearing, consideration and disposition in the Circuit Court of writs of error so provided for. Section 2 of Chapter 15666 expressly provides that *all* proceedings in the circuit court to review any final judgment rendered in or by any such civil court of record shall be by writ of error. Apparently this is intended to be the exclusive method of review with reference to matters falling within the purview of the 1931 Act, but this question need not be decided at this time. Viewed comprehensively, the Act in its entirety appears to set up a new and distinct method of review by the civil court of judgments rendered in the civil courts of record organized under Chapter 11357, *supra."*

Another phase of Chapter 15666, Acts of 1931 was before this Court in the case of Grodin v. Railway Express Agency, 116 Fla. 378, 156 Sou. 476, and in State *ex rel.* v. Barns,

*et al.,* 119 Fla. 405, 161 Sou. 568, but the two latter cases have no bearing upon the question presented in this case. The title of that Act is: "An Act Providing for and Regulating Writs of Error from the Circuit Courts to Those Civil Courts of Record in This State Organized and Existing Under Chapter 11357 of the Laws of Florida, Approved November 30, 1925, and for the Hearing, Consideration and Disposition of the Same."

Therefore, it is apparent that the provision of Section 3 regulating writs of error "shall be sued out not later than thirty days after the entry of the final judgment sought to be reviewed" is within the purview of the title of the Act.

It has ever been recognized that it is competent for the Legislature to prescribe the time within which writs of error should be sued out after judgment. See State v. Walker, 32 Fla. 431, 13 Sou. 928; Summerlin v. Tyler, *et ux.,* 6 Fla. 718; A. C. L. Ry. Co. v. Holliday, 73 Fla. 269; 74 So. 479; McClellan v. Wood, 78 Fla. 407; 83 Sou. 295; Simmons v. Hanne, 50 Fla. 267, 39 Sou. 77; Eaton v. McCaskill, 53 Fla. 513, 43 Sou. 447; Fitzpatrick v. Turner, 14 Fla. 382, Hull v. Westcott, 17 Fla. 280; Benbow v. Marquis & Co., 17 Fla. 236; City of Orlando v. Hewitt, 92 Fla. 933, 110 Sou. 874.

Proceedings to review judgments of civil courts of record are controlled by Chapter 15666, Acts of 1931 (Extra Session), same being Section 5168, (1) to (14) inclusive, Volume 4, Permanent Supplement, Compiled General Laws of 1927. This Act gives the circuit court in any county where a civil court of record is created final appellate jurisdiction in all cases arising in the latter courts. It defines in detail the manner in which such cases shall be reviewed, how the circuit court shall be organized as an appellate court and the manner of handling and disposing of cases

brought to it as an appellate court. Section 3 of said Act provides that writs of error to review judgments of the civil court of record by the circuit court "shall be sued out not later than thirty days after the entry of the final judgment sought to be reviewed," unless the judge, for good cause shown, shall extend the time.

Section 1 of Article V, Constitution of Florida, authorizes the Legislature to set up other courts and commissions than those in terms designated therein. It was, therefore, competent for the Legislature to create appellate courts composed of circuit judges to review judgments of the civil court of record and to provide the procedure for such review. The procedure required must be substantially followed; otherwise, their judgments will be devoid of force or effect and by the terms of the Act, the judgment of the civil court of record is automatically affirmed.

Chapter 15666, *supra,* does not appear to violate Section 1 of the Declaration of Rights, nor Section 4 of the Declaration of Rights, nor Section 20 or 21 of Article III of the Constitution.

On authority of the opinion and judgment in the case of The Western Casualty & Surety Company v. Julius Rotter, filed at this term of the Court, we must hold that the writ of error was ineffectual to give the circuit court jurisdiction of the cause.

Motion for oral argument denied.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## On Rehearing

Per Curiam.—On petition for rehearing, we have deleted from the opinion the language: "We must hold that the order dismissing the writ of error was a nullity because that disposition of the case was participated in by only one of the judges of the circuit court having jurisdiction of the cause at a time when there were four circuit judges of such circuit court. But,"—and now vacate our judgment of July 21 and adjudge that:

For the reasons stated, the writ of certiorari is quashed.

The clerk of this Court is directed to modify the original opinion and judgment as herein indicated and as thus modified the opinion and judgment shall stand.

So ordered.

Terrell, C. J., and Whitfield, Buford and Chapman, J. J., concur.