**FAY W. CATES and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, v. D. J. HEFFERNAN.**

18 So. (2nd) 11                                        January Term, 1944
May 9, 1944                                                      En Banc

*Chappell & Brown* and *Sam Silver,* for petitioners.

*L. J. Cushman,* for respondent.

TERRELL, J.:

The Legislature enacted Chapter 20361, Acts of 1941, limiting the time for taking appeals from civil courts of record to the circuit court, in circuits having more than four circuit judges, to one calendar month after the entry of the judgment or the order granting or denying the motion for new trial.

This is an appeal by certiorari to review a judgment of the Circuit Court of Dade County dismissing an appeal from the civil court of record because it was not brought within

the time required by the statute. The sole question urged for consideration is the constitutional validity of Chapter 20361, Acts of 1941.

Appellant contends that Chapter 20361 is violative of Section 20, Article III of the Constitution in that it is a local act and attempts to regulate appeals from civil courts of records to the circuit courts and affects only the Eleventh Judicial Circuit of Florida. Ex Parte Porter, 141 Fla. 711, 193 So. 750; State ex rel. Blalock, et al., v. Lee, 146 Fla. 385, 1 So. (2nd) 193; and State ex rel. Baldwin v. Coleman, 148 Fla. 155, 3 So. (2nd) 802, are relied on to support this contention. These cases have been examined but for reasons of difference in factual basis, they do not rule the case at bar.

This Court is committed to the doctrine that the organic requirement of uniform operation throughout the State does not mean universal operation over the State. Reasonable classification as to subject matter is permitted and will be approved. It is admitted that the act in question applies only to the Eleventh Judicial Circuit. We are not concerned with its potential applicability to all circuits in the State but only those with more than four circuit judges in which civil courts of record are located. There are less than half a dozen circuits with civil courts of record. If potentially applicable to these, the requirement as to classification is satisfied. We think State ex rel. Richardson v. Ferrell, 130 Fla. 26, 177 So. 181; Sinclair Refining Co. v. Hunter, 139 Fla. 803, 191 So. 38; Western Casualty & Surety Co. v. Rotter, 139 Fla. 854; 191 So. 78, conclude the matter. Collier v. Cassady, 63 Fla. 390, 57 So. 617; State, ex rel. Buford v. Daniel, 87 Fla. 270, 99 So. 804, and State ex rel. Buford v. Shepard, 84 Fla. 206, 93 So. 667, are also instructive.

The fact that Chapter 20361 creates a new and different time for taking appeals from civil court of record in the Eleventh Circuit to the circuit court from that prevailing in another circuit is not material as such variations are frequent and have been upheld. Section 61.04, 75.08, 83.38, 83.27, 61.01, 732.16, 924.09, 924.10, 932.52, Florida Statutes, 1941 and others are typical. The prescriptive time for taking appeals is a matter for legislative discretion and there is no

rule of uniformity regulating its exercise. It is within the power of the Legislature to prescribe the time for taking appeals and as the statutes just cited show it has exercised that power to suit the circumstances with which it was confronted.

Certiorari denied.

BROWN, J., concurs specially.

CHAPMAN and SEBRING, JJ., concur.

BUFORD, C. J., THOMAS and ADAMS, JJ., dissent.

BROWN, J., concurring specially:

If the validity of the provisions contained in Chapter 20,361, Acts of 1941, depended entirely upon that particular Act, some question of the validity of that act might be raised upon the following grounds:

1. Section 20 of Article III of the Constitution provides that the Legislature shall not pass special or local laws in any of certain enumerated cases, one of which is "regulating the practice of courts of justice, except municipal courts." However, this section, when it comes to establishing courts, and providing for their jurisdiction and appellate review of their judgments, must be construed in connection with that clause of Section 1 of Article V of our Constitution which vests the judicial power of the State in certain named courts, "and such other courts or commissions as the Legislature may from time to time ordain and establish." We will discuss this point later.

2. Is the title defective or misleading? The title of said Chapter 20,361, reads as follows: "An Act relating to appeals by writs of error or as otherwise provided by law to the Circuit Court in circuits having more than four judges, and limiting the time for such appeal; the duties of and fees allowed to the clerk of the trial court, or judge if there be no clerk, and the circuit court clerk; amending Section 11 of Chapter 11,357, Laws of Florida, Acts of 1925, and repealing Chapter 15,666, Laws of Florida, Acts of 1931."

The words in the title limiting the operation of the act to appeals "to the circuit court in circuits having more than four circuit judges" nowhere appears in the body of the act,

nor in section 11 of chapter 11,357, Acts of 1925, which it amends; nor in Chapter 15,666, Acts of 1931, which it attempts to repeal.

Chapter 11,357 adopted in 1925, was an act creating civil courts of record in all counties having a population of more than 100,000 inhabitants according to the last *State* census *and in which no civil court of record had yet been established.* It gave such courts jurisdiction in all cases at law involving not more than $5000.00. The effect of the language of the act was to create at that time, A. D. 1925, a court of that kind in Dade County, but to leave undisturbed the civil court of record of Duval County. See State v. Barrs, 105 Fla. 27, 140 So. 908. Chapter 11,357 was incorporated in the Comp. Gen. Laws of 1927, as Sections 5156-5168. Chapter 8521, Acts of 1921, had already created a somewhat different kind of civil court of record in counties having more than 100,000 population according to the last *Federal* census, and it is under this Act that the existing civil court of record of Duval County came into being. See State v. Barrs, supra.

Section 11 of Chapter 11,357 provided that: "The circuit courts shall have appellate jurisdiction in all cases decided by such civil courts of record in the same manner and with the same limitations as in writs of error from the circuit courts to the Supreme Court." This section was attempted to be amended by Chapter 20,361, Acts of 1941, so as to require appeals to be taken within "one calendar month" from the entry of the judgment appealed from or from order granting or denying motion for new trial.

Chapter 15,666, Acts of 1931, which was attempted to be repealed by said Chapter 20,361, was an act providing for and regulating writs of error from the circuit courts to those civil courts of record in this State organized and *existing under Chapter 11,357* of the laws of 1925, and Section 3 of said Chapter 15,666 provided that writs of error to the circuit court should be sued out within thirty days from the entry of the judgment sought to be reviewed, unless for good cause shown the time was extended by one of the circuit judges.

So *the title* of Chapter 20,361, Acts of 1941, relates to appeals to the circuit court in circuits *having more than four*

circuit judges, whereas *the body* of the Act, when construed in connection with Chapter 11,357, which it in part amends, would apparently make it applicable to appeals from judgments of the civil courts of record to the circuit court where such civil court of record is in existence under the 1925 Act, Chapter 11,357, *in counties having a population of 100,000 or more* according to the last *State* census. The body of the Act does not mention appeals to "the circuit court in circuits having more than four circuit judges," but its provisions can apply only to the civil court of record of Dade County, which is the only civil court of record existing in a judicial circuit having more than four circuit judges—the Eleventh Judicial Circuit. Thus the title of the Act is not necessarily misleading when considered in connection with the body of the Act and the legislative back ground of its provisions.

Recurring now to the first question as to whether Chapter 20,361 is violative of Section 20 of Article III, which prohibits *inter alia* the passage of special or local laws "regulating the practice of courts of justice, except municipal courts," I think the answer to this question must be that it does not.

This act deals primarily with the appellate *jurisdiction* of circuit courts having more than four circuit judges with reference to the orders or judgments of any civil court of record established in any county within such circuit, and the manner or method by which, and the time within which, such jurisdiction may be invoked. We are not here dealing with a mere matter of "practice." We are dealing with a matter of appellate jurisdiction and the time within which it may be invoked. Section 1 of Article V vests the judicial power of the State in certain named courts and "such other courts or commissions as the Legislature may from time to time ordain and establish." If the Legislature is vested with power to establish a court, by necessary implication it can ordain the limits of its jurisdiction and the time and method of invoking such jurisdiction, and may provide for the exercise thereof under any appropriate rules or regulations that are incidental to the establishment and proper functioning of such court, so long as no command of the Constitution is disobeyed. All this is inherent in the constitutional power

to ordain 'and establish courts other than those established by the Constitution itself, and a court established by the Legislature under this constitutional power, through its jurisdiction may be limited to a single county, becomes a part of the judicial system of the State.

Generally speaking the word "practice" as used in Section 20 of Article III of the Constitution means 'the method of conducting litigation involving rights and corresponding defenses." Skinner v. City of Eustis, 147 Fla. 22, 2 So. (2nd) 116. The Supreme Court is given power to make rules of practice or pleading in the courts of the State so long as such rules are not inconsistent with law. Section 25.03 F.S. 1941. And with reference to its appellate procedure, the rules of the Supreme Court have the force and effect of statutes. Section 25.03, paragraph 5, F. S. 1941. But this Court has never attempted to limit by rule the time within which appeals shall be taken to this Court, or from subordinate courts to the circuit courts. The Legislature has always done this. The appellate jurisdiction of this Court is established by the Constitution and the statutes and the Legislature has always fixed the time within which appeals could be taken to this Court from the judgments and decrees of lower courts. It is a jurisdictional matter.

The Constitution vests the circuit courts with certain designated appellate jurisdiction "and of such other matters as the Legislature may provide." Section 11, Article V.

The establishment of a court is not among the classes of laws enumerated in Section 20, Article III of the Constitution, that under Section 21, "shall be general and of uniform operation throughout the State." State v. Blitch, 100 Fla. 809, 130 So. 444.

This Court has recognized the power of the Legislature to ordain and establish civil courts of record in several cases, among them State v. Barrs, 105 Fla. 27, 140 So. 908. And in the case of Sinclair Refining Company v. Hunter, 139 Fla. 803, 191 So. 38, we upheld the validity of a provision of a statute limiting the time within which writs of error should be sued out from a judgment of the civil court of record of Dade County to the circuit court as not being in violaton of the

constitutional inhibition against passage of special or local laws. In State ex rel. Landis v. Dickenson, 103 Fla. 907, 138 So. 676, we upheld the validity of a statute of 1931 abolishing the civil court of record of Hillsborough County. In the case of Western Casualty & Surety Co. v. Rotter, 139 Fla. 854, 191 So. 78, this Court held that the Legislature had authority to create appellate courts composed of circuit judges to review the judgments of the civil court of record of Dade County and to provide the procedure for such review, citing Section 1 of Article V of the Constitution.

For these reasons I am satisfied that this act in no way violates Section 20 and Section 21 of Article III of the Constitution.

But I am of the opinion that these questions are now academic and not necessary for us to decide, because, subsequent to the adoption of said Chapter 20,361, Acts of 1941, the Legislature at the same session enacted Chapter 20,719, Laws of 1941, which Act approved, adopted and enacted the revision of all of our statutory laws of a general and permanent nature designated as "Florida Statutes 1941." Section 3 of Chapter 20,719 provided that no special or local statute of the kinds enumerated in said Section, were intended to be repealed by the Act. But I am inclined to the view that an Act establishing a court, or one relating to the appellate jurisdiction of the circuit court, can not be considered as a mere "local or special act," at least not so within the meaning of Section 20 of Article III of the Constitution. This Act adopting the revision was approved by the Governor on June 6, 1941, and pursuant thereto the Governor issued his proclamation on the 29th of June, 1942, which proclamation recited that Vol. 1, Florida Statutes, 1941, had been printed and published, and provided that the same should become "effective as the law of this State beginning with the *thirtieth* day," after the date of the said proclamation. Thus Vol. 1, Florida Statutes 1941, went into effect on July 29th, A. D. 1942.

Chapter 33 of Florida Statutes, 1941, is headed "Civil Court of Record," and Section 33.11 of that Chapter contains in substance the same provisions, practically word for word,

as are contained in Section 1 of Chapter 20,361, amending Section 11 of Chapter 11,357, among such provisions being the one here in controversy, which is, in effect, that appeals from the civil court of record shall be taken not later than one calendar month after the entry of the judgment appealed from or the order granting or denying motion for a new trial.

Thus, even though Chapter 20,361 be disregarded on account of defective title, Section 33.11 Florida Statutes 1941 is effective, and was in effect when these proceedings were had in the courts below, and the result is that the appeal in this case, which was attempted to be taken from the civil court of record to the circuit court, not having been taken within one calendar month after the entry of the order denying the motion for new trial, was taken too late and was nugatory, and therefore was properly dismissed by the circuit court.

It is true that the day before the time for taking the appeal had expired, counsel for the respective parties entered into a stipulation extending petitioner's appeal period until "on or before July 19th, A. D. 1943" and a court order to the same effect was entered by one of the judges of the civil court of record. But it is well settled that the parties to a cause cannot by consent confer upon a court jurisdiction of the subject matter, and an appellate court does not acquire jurisdiction of the subject matter of an appeal unless such appeal is taken within the period required by law. And, for like reasons, the order of the Judge of the trial court extending the time within which to institute the appeal proceedings beyond the time fixed by the statute, was ineffectual. Section 33.11 of Florida Statutes, 1941, does not authorize any such order. The writ of error in this case was sued out nineteen days after the expiration of the period provided for in Section 33.11, Florida Statutes 1941, which is the same period provided for in said Chapter 20,361, and the circuit court properly granted the motion filed by the appellee to dismiss the appeal.

Therefore the petition for writ of certiorari should be denied.

TERRELL, CHAPMAN and SEBRING, JJ., concur.

BUFORD, C. J., THOMAS and ADAMS, JJ., dissent. ·