HOBSON, Justice.
This is an appeal by petitioner from judgment of the Duval County Circuit Court dismissing his petition for writ of certiorari as not timely filed.
Appellant was a school teacher in Duval County. He was charged with, and after hearing before the appellee Board of Public Instruction found guilty of, certain acts of immorality, and was ordered discharged from his employment.
The order of the Board was entered on June 13, 1956. On July 10, 1956, appellant filed his petition for writ of certiorari in the circuit court, and on September 6, 1956, the court dismissed the petition on the ground that it had not been filed within ten days as required by Chapter 21197, Laws of Florida, Acts of 1941, known as the Duval County Teacher Tenure Act.
Appellant urges that the sixty day time limit provided generally for filing a petition for certiorari by Rule 2.17, 1954 Florida Rules of Civil Procedure, 31 F.S.A., should have been applied in this case, with the result that the petition should be considered as timely filed. He concedes, however, that Rule A of the 1954 Rules provides that the rules shall be generally applicable “with the exception that the form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes providing for such proceedings, unless these rules shall specifically provide to the contrary * * * ”
We think that the procedure prescribed by the Duval County Teacher Tenure Act qualifies as a “special statutory proceeding” within the exception set forth in Rule A of the 1954 Rules. This act, although it is a special statute, provides, in the language of appellee, a “new, specific and complete remedy and fully covers the subject matter of teacher tenure, including the employment, contracts, continuing contracts, suspension and dismissal of teachers.” It is evident that its terms control over those of the general statutes covering the county school system (Chapter 230, Florida Statutes, F.S.A.) and over the 1954 Rules, where a conflict exists, as here.
We said in City of St. Petersburg v. Carter, Fla., 39 So.2d 804, 806:
“We have consistently held that a special grant of power or a special act of the legislature takes precedence over a general grant or law on the same subject. Sullivan v. City of Tampa, 101 Fla. 298, 134 So. 211, and City of Apalachicola v. State, 93 Fla. 921, 112 So. 618.”
See also Columbia Casualty Co. v. McFee, Fla., 81 So.2d 631. And see Cates v. Heffernan, 154 Fla. 422, 18 So.2d 11.
Affirmed.
TERRELL, C. J., and THOMAS, ROBERTS and DREW, JJ., concur.