189 So.2d 414 (1966)
William L. MULDROW, Appellant,
v.
The BOARD OF PUBLIC INSTRUCTION OF DUVAL COUNTY, Florida, Etc., Appellee.
No. H-218.
District Court of Appeal of Florida. First District.
August 18, 1966.
*415 Earl M. Johnson, Jacksonville, for appellant.
McCarthy, Adams & Foote, Jacksonville, for appellee.
PER CURIAM.
This is an appeal from an order of the Circuit Court denying Appellant's Petition for Writ of Certiorari to review a Resolution of the Board of Public Instruction for Duval County finding Appellant guilty of insubordination and dismissing him as a teacher from the Duval County school system.
The tenure of employment of teachers of the public schools of Duval County, Florida, is governed by Chapter 21197, Laws of Florida, Acts of 1941. Section 4 of this Act prescribes "insubordination" as a cause for the discharge of a teacher.
Merriam-Webster New International Dictionary (3d ed. 1966) defines insubordination as a disobedience of orders, infraction of rules, or a generally disaffected attitude toward authority. It is generally synonymous with contumacious, which indicates persistent, willful or overt defiance of authority and obedience, sometimes contemptuous of authority.
Charges of insubordination were preferred against the Appellant, and a hearing was had before the County Board of Public Instruction, pursuant to section 5 of said Act. After a full hearing, at which Appellant was represented by counsel, the Board adopted its unanimous Resolution finding the Appellant guilty of insubordination and ordering his dismissal as a teacher in the school system of Duval County.
A petition for certiorari was duly filed with the Circuit Court for Duval County, Florida, and after hearing, the Circuit Court found that there was substantial probative evidence upon which the Board of Public Instruction could have based its determination that Appellant was guilty of insubordination. Accordingly, the petition for writ of certiorari was denied and this appeal followed.
Although it is argued by counsel for Appellant that a finding of "gross insubordination" was necessary, section 4 of the Duval County Teacher Tenure Act only requires "insubordination". This Act supersedes the provisions of Chapter 230, Florida Statutes, F.S.A., which did require a finding of "gross insubordination". Harley v. Board of Public Instruction of Duval Co., 103 So.2d 111 (Fla. 1958).
We find the Resolution of the Board of Public Instruction to be based on competent substantial evidence, and accordingly, the judgment of the lower court is affirmed.
WIGGINTON, Acting C.J., and CARROLL, DONALD K., and SACK, JJ., concur.