MILLS, Chief Judge.
Daniel S. McAllister appeals from a decision of the Florida Career Service Commission upholding his five-day suspension by the Department of Agriculture and Consumer Services. We reverse.
The reason given for McAllister’s suspension was insubordination, but the evidence does not support that charge. The relevant facts are that McAllister, an inspector, was asked by his supervisor to attend a hearing to be-conducted by the United States Department of Agriculture concerning suspension or revocation of a federal license of another state inspector. (He held dual licensing, as did McAllister.) When McAllis-ter refused the oral request to attend and insisted on being given a written order, the supervisor prepared a handwritten note. McAllister still refused and was suspended.
Insubordination has been defined by this Court in Muldrow v. Bd. of Pub. Instruction of Duval County, 189 So.2d 414 (Fla. 1st DCA 1966), as a disobedience of orders which is “. . . generally synonymous with contumacious, which indicates persistent, willful or overt defiance of authority . . . Inherent in a finding of insubordination, however, is a finding that the orders given were within the authority of the person giving them. While we agree with the position of the Commission that a state employee is under an obligation to follow orders of his supervisor to attend hearings in line of duty, in the instant case we find that the supervisor of the Department of Agriculture and Consumer Services had no authority to require McAllister to attend a federal hearing held by federal authorities concerning a matter between the United States Department of Agriculture and another individual. The position of the Department that McAllis-ter’s attendance at the hearing was “related work as required,” as provided for in his job description, is without merit because the hearing was not related to his state duties and the Department itself was not actually a party to the proceedings.
Reversed and remanded for proceedings consistent with this opinion.
ERVIN and SHIVERS, JJ., concur.