SHARP, J.,
dissenting.
I dissent in this ease because Reynolds’ (principal of Bunnell Elementary School) disobedience or disregard of his superintendent’s instructions as established by this record (at the worst) does not, in my judgment, amount to “gross insubordination and willful neglect of duty.” Since Dr. Reynolds had a three year contract with the School Board, he could not be dismissed *278 unless the specified statutory grounds[1] were established by a preponderance of the evidence.
Dr. Reynolds was charged with willful neglect or gross insubordination because:
(1) He failed to attend School Board meetings after being instructed to do so.
(2) He failed to provide the superintendent with a plan for reallocation of instructional aides.
(3) He failed to respond to the superintendent’s request for retention and enrollment projections for the 1981-82 school year.
(4) He failed to develop and submit a plan for the Title I federal program.
(5) He failed to attend a conference with the superintendent on April 27, 1981.
The proofs showed that only Count Four had much substance.
(1) As regards Count One, Dr. Reynolds missed only two School Board meetings. One was because he had visitors from Fla-gler College visiting his school, and he notified the superintendent of the conflict. The second meeting he missed because he simply forgot about it. The superintendent admitted that missing these two meetings was not gross insubordination or willful neglect of duty.
(2) As to Count Two, Dr. Reynolds responded to the superintendent’s memorandum by reallocating aides, and verbally gave him notice.
(3) As to Count Three, the superintendent admitted his request regarding enrollment figures was not clear. The request was replied to by Dr. Reynolds’ teachers, who expressed concern and lack of understanding. After clarification the information was supplied a week late.
(5) The Fifth Count concerned Dr. Reynolds’ attendance on April 27, 1981 at a conference with the superintendent. Reynolds kept the appointment but refused to stay when the superintendent and the School Board attorney announced he was being terminated. After consulting his own counsel, Reynolds did return later the same day.
Count Four was the only substantial matter. In January 1981, the superintendent notified Reynolds he was to develop Flagler County’s plan for Title I, but no time deadlines were given. Reynolds complained about this assignment but he did not refuse to do it. On March 6, 1981, the superintendent requested a draft by April 15, 1981. When that date passed, he wrote to Reynolds that the draft should be furnished by April 23,1981. He also said: “If you are in need of assistance from this office or if you need more time to complete the planning draft, please let me know.” Reynolds respondent that he needed both. He met with the superintendent on April 23. At this meeting the superintendent agreed to give Reynolds both assistance and more time. Yet on April 27, he announced his decision to terminate Reynolds.
The terms “gross insubordination or willful neglect” are defined in 6B-4.09 of the Administrative Code as:
[a] constant or continuing intentional refusal to obey a direct order, reasonable in nature and given by and with proper authority.
The court in Smith v. School Board, 405 So.2d 183 (Fla. 1st DCA 1981) held that these definitions apply to the statutory terms of section 236.36(6), Florida Statutes (1981). It emphasized that a single act of contemptuous conduct does not constitute gross insubordination, and that the conduct complained of must be constant or continuing. Reynolds never refused to prepare the Title I plan. He requested more time and staff assistance. Further, the superintendent originally suggested both, and agreed to supply them. Had he sincerely felt Reynolds was being grossly insubordinate or willfully neglectful, he would not have offered them.
The essence of this controversy appears to me more a conflict of personalities than one involving insubordination or neglect. Further, if Reynolds’ conduct constituted *279 insubordination or neglect, the record fails to establish why this conduct was “gross” or “willful.” In summary, if Reynolds’ conduct here was “gross” and “willful,” then almost any failure to follow a superior’s directives will rise to that level. See Erber v. Federal Express Corp., 409 So.2d 522 (Fla. 5th DCA 1982). “Insubordination” by itself has been defined as “contumacious, which indicates persistent, willful or overt defiance of authority and obedience, sometimes contemptuous of authority.” Muldrow v. Board of Public Instruction of Duval County, 189 So.2d 414, 415 (Fla. 1st DCA 1966).

. § 231.36(6), Fla.Stat. (1981).