J. R. McDANIEL, *Plaintiff in Error*, v. J. J. HARRELL, *Defendant in Error*.

Opinion Filed February 1, 1921.

1.   Where a plea to the merits is of such nature that under it a defense to the action may be proved, the plea is good and a demurrer thereto should not be sustained.

2.   The judge of a court of superior or general jurisdiction is not civilly liable for his judicial acts in excess of his jurisdiction when such acts involve affirmative decisions of the fact of jurisdiction of such court, even though such decisions may be erroneous, provided there is not a clear absence of jurisdiction.

3.   Judges of inferior courts, as well as judges of courts of superior and general jurisdiction, are exempt from civil liability in damages for their judicial acts, even when such acts are in excess of their jurisdiction, provided there is not a clear absence of jurisdiction.

4. The judge of a court which has jurisdiction of the person and jurisdiction to try an accused for an offense with which he is charged is not civilly liable for exceeding his authority in imposing sentence and inflicting punishment under an ordinance which is later declared to be unconstitutional and therefore unenforceable.

A Writ of Error to the Circuit Court for Leon County; E. C. Love, Judge.

Reversed.

*Myers & Myers,* for Plaintiff in Error;

*W. C. Hodges* and *Fred H. Davis,* for Defendant in Error.

WEST, J.—In an action of trespass for false imprisonment there was a verdict and judgment for plaintiff. Writ of error from this court was taken by defendant.

The declaration alleges in substance that the defendant caused the plaintiff to be unlawfully and forcibly restrained of his liberty by the chief of police of the city of Tallahassee and did unlawfully and falsely imprison plaintiff in the city jail of the city of Tallahassee, where the plaintiff was injured and damaged, was brought into public infamy, scandal and disgrace, was brought into contact with filth and vermin in said city jail and greatly suffered in body and mind by reason thereof, was forced to be absent from his business as a dealer in merchandise for a stated period to his great loss, and was otherwise injured and damaged.

Defendant demurred to this declaration, and upon a hearing the demurrer was overruled. Thereupon defend-

ant filed his plea of not guilty and thereafter during the progress of the trial filed a second plea to the declaration which on demurrer was held insufficient as a defense to the action.

The first assignment of error questions the correctness of the ruling of the court in overruling defendant's demurrer to plaintiff's declaration. The essential allegations of the declaration are substantially set out herein. The case is to be reversed because of error in other rulings and a discussion of the questions presented by this assignment will be unnecessary. It is sufficient, we think, to say that the declaration contains sufficient allegations to withstand the demurrer interposed.

The second assignment of error is predicated upon the ruling sustaining the demurrer to the second plea of defendant. This plea contains averments to the effect that defendant was mayor of the city of Tallahassee; that it was his duty as such mayor to see to it that the ordinances of said city were faithfully executed; that he was empowered by the charter and ordinances of the city by his warrant to have brought before him persons charged with violating the ordinances of the city, to inquire into the truth or falsity of such charges and to decide upon the guilt or innocence of accused persons and impose penalties upon those found to be guilty of violations of the ordinances; that the plaintiff was arrested and brought before the defendant as mayor upon a charge of violating a designated ordinance of the city, which ordinance had been duly passed by the governing board of the city; that the plaintiff was tried by the defendant as mayor and found guilty as charged and sentenced by the defendant as mayor to pay a fine of a stated amount and in default thereof to be imprisoned for a stated period; that

the plaintiff, having failed and refused to pay said fine, was thereupon committed to the city jail of the city by the chief of police of the city in pursuance of said judgment and there held until released upon a writ of habeas corpus issued by the Supreme Court of the State; that in the habeas corpus proceeding it was adjudged that the ordinance under which plaintiff was sentenced by the defendant as mayor was void; that the arrest, trial, judgment, sentence and imprisonment of plaintiff was done in good faith and without malice on the part of defendant in the belief that the ordinance under which he proceeded was valid and that the proceedings thereunder were regular.

The rule is that where a plea to the merits is of such nature that under it a defense to the action may be proved, the plea is good and a demurrer thereto should not be sustained. Hammers v. Southern Express Co., 80 Fla. 51, 85 South. Rep. 246; F. E. C. Ry. v. Chesser, 77 Fla. 57, 80 South. Rep. 750. National Surety Co. v. Williams, 74 Fla. 446, 77 South. Rep. 212; Tampa & J. R. Co. v. Crawford, 67 Fla. 77, 64 South. Rep. 437; Standard Phosphate Co. v. Lunn, 66 Fla. 220, 63 South. Rep. 429.

The defense interposed by this plea is that the defendant in imposing sentence upon plaintiff was acting officially as mayor of the city under authority of the charter and ordinance of the city in the exercise of judicial power conferred upon the mayor by such charter and ordinances, that the proceeding was upon a charge duly made against plaintiff in a cause within the jurisdiction of the mayor of the city was orderly and regular, and that even if there was error in holding an ordinance of the city valid and enforceable when in fact such ordinance was void, defendant cannot be held civilly liable to plaintiff for im-

posing sentence upon him after conviction for its viola-
tion pursuant to the provisions of the charter and ordi-
nances of the city.

It is not necessary that the plea should set up the evi-
dence upon which the defense rests. A "charge" upon
which a prosecution in a municipal court for the viola-
tion of a municipal ordinance is based may be, and usual-
ly is, much less formal than a charge which is made a
proper basis for a criminal prosecution under a State
law. It is also true generally that where an offense is
committed in the presence of an officer authorized to
make arrests a formal written warrant directing such ar-
rest is unnecessary. It appears from the evidence of the
plaintiff himself that he was arrested while keeping his
store open contrary to the provisions of the ordinance
of the city, which he did for the avowed purpose of test-
ing the question of its validity, in which case no war-
rant was necessary to authorize his arrest.

The plea, we think, contains averments of ultimate facts
sufficient to permit the defendant to offer proof of its ma-
terial averments, and in that respect it is sufficient un-
der the rule stated above, but it is contended that if all
the material averments of the plea were proved they
would constitute no defense to the action upon the theory
that the mayor's court of the city of Tallahassee is an
inferior court of limited jurisdiction and the judge of such
court is not, under the law, exempt from liability in dam-
ages for errors committed by him in the exercise of such
judicial power as he may possess.

It is conceded that a judge of a court of superior or
general jurisdiction is not civilly liable for his judicial
acts in excess of his jurisdiction when such acts involve
affirmative decisions of the fact of the jurisdiction of such

court, even though such decisions may be wholly erroneous, provided there is not a clear absence of jurisdiction, and that such exemption will not be affected by any consideration of the motive with which such acts are done. But it is contended that this principle is not applicable to inferior courts of limited jurisdiction, such as the mayor's court of the city of Tallahassee. With respect to this exemption from liability in civil actions of judges of courts of superior or general jurisdiction for acts done by them in the exercise of their judicial powers, the Supreme Court of the United States, in Bradley v. Fisher, 13 Wall. 335, speaking through Mr. Justice FIELD, said: "For it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Liability to answer to every one who might feel himself aggrieved by the action of the judge would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful." And further: "The exemption of judges of the superior courts of record from liability to civil suit for their judicial acts existing when there is jurisdiction of the sub-ject matter, though irregularity and error attend the exercise of the jurisdiction, the exemption cannot be affected by any consideration of the motives with which the acts are done. The allegation of malicious or corrupt motives could always be made, and if the motives could be inquired into judges would be subjected to the same vexatious litigation upon such allegations, whether the motives had or had not any real existence. Against the consequences of their erroneous or irregular action, from whatever motives proceeding,

the law has provided for private parties numerous remedies, and to those remedies they must, in such cases, resort. But for malice or corruption in their action whilst exercising their judicial functions within the general scope of their jurisdiction, the judges of these courts can only be reached by public prosecution in the form of impeachment, or in such other form as may be specially prescribed."

The reason for the rule exempting judges of courts of superior authority, but holding judges of courts of inferior authority civilly liable for errors committed by them, is stated by Judge Cooley in Cooley on Torts (3 ed.), Sec. 491, as follows: "Why the law should protect the one judge, and not the other, and why, if it protects one only, it should be the very one who, from his higher position and presumed superior learning and ability, ought to be most free from error, are questions of which the following may be suggested as the solution: The inferior judicial officer is not excused for exceeding his jurisdiction because, a limited authority only having been conferred upon him, he best observes the spirit of the law by solving all questions of doubt against his jurisdiction. If he errs in this discretion no harm is done, beause he can always be set right by the court having appellate authority over him, and he can have no occasion to take hazards so long as his decision is subject to review. The rule of law which compels him to keep within his jurisdiction at his peril cannot be unjust to him, because, by declining to exercise any questionable authority, he can always keep within safe bounds, and will violate no duty in doing so. Moreover, in doing so he keeps within the presumption of law, for these are always against the rightfulness of any authority in an inferior court, which, under the law, appears doubtful. On the other hand, when a grant of

general jurisdiction is made, a presumption accompanies it that it is to be exercised generally, until an exception appears which is clearly beyond its intent.  Its very nature is such as to confer upon the officer intrusted with it more liberty of action in deciding upon his powers than could arise from a grant expressly confined within narrow limits, and the law would be inconsistent with itself if it were not to protect him in the exercise of this judgment.  Moreover, for him to decline to exercise an authority because of the existence of a question when his own judgment favored it, would be to that extent to decline the performance of duty, and measurably to defeat the purpose of the law creating his office; for it cannot be supposed that this contemplated that the judge should act officially as though all presumptions opposed his authority, when the fact was directly the contrary."

There are many cases, however, holding to the effect that there is no sound basis for this distinction and the tendency of modern authority is to this effect.  In Thompson v. Jackson, 93 Ia. 376, 61 N. W. Rep. 1004, 27 L. R. A. 92, upon this question the court said: "After an exhaustive examination of the cases which make this distinction, we have to say that we do not think that they are founded upon grounds which can be sustained by any logical or reasonable argument."  This statement is quoted with approval by the Supreme Court of Georgia in Calhoun v. Little, 106 Ga. 336, 32 S. E. Rep. 86, 71 Am. St. Rep. 254. And in Bishop on Non-Contract Law, Sec. 783, in discussing this question, the author says: "But in reason if judges properly expected to be the most learned can plead official exemption for their blunders in the law *a fortiori,* these from whom less is to be expected and who receive less pay should not be compelled to respond in damages to their mistakes honestly made after due carefulness."

The latter adjudications hold, and we think correctly, that there is no basis in reason for the distinction formerly made and that the sounder view is that which holds that judges of courts of limited jurisdiction are exempt from civil liability in damages for their judicial acts in all cases where judges of courts of general jurisdiction are exempt from such liability.   19 Cyc. 333; 11 R. C. L., Sec. 28, p. 815; Calhoun v. Little, *supra;* Broom v. Douglass et al., 175 Ala. 268, 57 South. Rep. 860, Ann. Cas. 1914C, 1155; Lacey v. Hendricks, 164 Ala. 280, 51 South. Rep. 157, 137 Am. St. Rep. 45; Gordon v. District Court, 36 Nev. 1, 131 Pac. Rep. 134, 44 L. R. A. (N. S.) 1078; Boori v. Barnett, 144 Fed. Rep. 389; Scott v. Fishblate, 117 N. C. 265, 23 S. E. Rep. 436, 30 L. R. A. 696; Thompson v. Jackson, *supra;* McBurnie v. Sullivan, 152 Ky. 686, 153 S. W. Rep. 945, 44 L. R. A. (N. S.) 186; Rush v. Buckley, 100 Me. 322, 61 Atl. Rep. 774, 70 L. R. A. 464; Austin v. Vrooman, 128 N. Y. 229, 28 N. E. Rep. 477, 14 L. R. A. 138; Brooks v. Mangan, 86 Mich. 576, 49 N. W. Rep. 633, 24 Am. St. Rep. 137; Robertson v. Parker, 99 Wis. 652, 75 N. W. Rep. 423, 67 Am. St. Rep. 889; Pratt v. Gardner (Mass.), 2 Cush. 63, 48 Am. Dec. 652.

In the case under examination it appears from the averments of the plea that the defendant as mayor had jurisdiction of the subject-matter and of the person when the case giving rise to this action was under consideration.   Plaintiff's only defense to the prosecution brought against him in the mayor's court was the alleged unconstitutionality of the ordinance which the city sought to enforce.   To determine that question the defendant as mayor was required to take jurisditcion of the cause.

We think, therefore, that the plea stated a good de-

fense to the declaration and that the order sustaining the demurrer to it was error.

The judgment is reversed.

BROWNE, C. J., AND TAYLOR AND WHITFIELD, J. J., concur.

ELLIS, J., dissents.