BANK OF GREENWOOD v. D. G. RAWLS, CITIZENS STATE BANK, a Corporation, Garnishee.

158 So. 173.
Division B.
Opinion Filed September 10, 1934.
Petition for Rehearing Granted September 25, 1934.
Opinion on Rehearing Filed December 17, 1934.

*Carter & Pierce,* for Plaintiff in Error;

*John H. Carter* and *John H. Carter,* Jr., for Defendant in Error.

PER CURIAM.—This writ of error was taken to a judgment in favor of a garnishee bank which collected a check deposited by the wife of insolvent debtor, the check being in settlement and surrender of an insurance policy issued to the husband in which the wife was the beneficiary.

Where the wife is the beneficiary of an insurance policy issued to the husband who in settlement of the policy receives a check which he endorses in blank to his wife who deposits it for collection, the proceeds in the hands of the collecting bank are not subject to statutory garnishment by the insolvent husband's creditors in the absence of fraud, the wife as the beneficiary of the policy having at least a potential interest in the proceeds of the policy which was not obtained for the benefit of the husband's creditors.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—The evidence as I understand it shows that this money was paid to the husband on account of total disability; that he, and not his wife, was the beneficiary under the policy, of payment made for total disability; that she was only a beneficiary in case of her

husband's death, but he retained the right, in case of total disability, to take half the face of the policy himself in full discharge of the policy. He did this, and the insurer paid him the amount of $1,500.00, which he gave to his wife. He being insolvent, the gift was void as against his creditor, the plaintiff in error.

## On Rehearing.

Davis, C. J.—The judgment in this case was heretofore affirmed. See foregoing opinion, page 381.

On a rehearing granted and argument heard before the Court *en banc* it is argued that our former opinion was wrong in that it did not, so it is alleged, take account of the fact that the check involved whose proceeds are in controversy was not given in settlement of a life insurance policy, but was an agreed payment for total disability benefits to which the surrender of the life insurance policy was attached as a contractual condition to the payment of such disability benefits.

We concede on this rehearing the correctness of the plaintiff in error's proposition that the wife's interest as beneficiary of the life insurance feature of the policy, was expressly subject to the contractual right of the insured to take his disability benefits and surrender his entire life policy as therein provided, and that the exercise of the right of the insured to do this would legally cut off all potential interest of the wife in the policy considered as a policy of life insurance.

But it does not necessarily follow as a matter of law that the transfer to the wife of the insolvent husband's check paid him by the insurer for disability benefits accruing under the husband's life insurance policy and obtainable by the husband only upon surrender of the entire life policy and the cancellation thereby of all of the wife's potential interest

as a benefiicary of the life insurance which might otherwise have ultimately become hers if the policy of life insurance had remained in force, is an unlawful transaction between husband and wife in fraud of the husband's creditors, even if the husband was insolvent at the time the transaction occurred.

The creditor under Chapter 10154, Acts 1925, Section 7066 C. G. L., had no vested interest in or lien upon the policy of life insurance to which the disability benefits were a mere contractual incident.

Neither did the creditors have any equitable claim upon the said life insurance policy or upon any of its attached cash disability benefits conditioned upon a surrender of the whole policy, including the life insurance, at the option of insured, at the time the transaction between husband and wife took place. This is made plain by the provisions of Chapter 10154, *supra,* which provide in express terms that the cash surrender values of life insurance policies issued upon the lives of citizens or residents of the State of Florida "upon whatever form" shall not in "any" case be liable to attachment, garnishment or legal process in favor of any creditor or creditors of the person whose life is so insured, unless the policy of insurance was effected for the benefit of such creditor or creditors.

We therefore hold that the "cash surrender value" of a life insurance policy as contemplated by our statute above referred to, includes any cash value that may be obtained either by means of negotiation or pursuant to an agreement for surrendering the policy in consideration of a sum of money to be paid in whole or in part conditioned upon a surrender of the life insurance feature of the policy, and is not limited to such a cash surrender value as can be demanded and legally enforced against an unwilling insurance company according to the usual significance of the

term "cash surrender value" of life insurance as that term is ordinarily used in the law of insurance *strictissimis verbis.* Pulsifer v. Hussey, 97 Me. 434, 54 Atl. Rep. 1076; Hiscock v. Mertens, 205 U. S. 202, 27 Sup. Ct. Rep. 488, 51 L. Ed. 771.

The previous opinion of this Court in this case, as supplemented and modified by this opinion, is adhered to on this rehearing and the judgment of the Circuit Court is accordingly again affirmed on rehearing.

Affirmed on rehearing.

Davis, C. J., and Whitfield, Ellis, Terrell and Buford, J. J., concur.

Brown, J., dissents.