THE WESTERN CASUALTY & SURETY CO. v. JULIUS ROTTER.

191 So. 78

En Banc

Opinion Filed July 28, 1939

Rehearing Denied October 5, 1939

*Edward E. Fleming* and *Alfred E. Sapp,* for Petitioner; *Maurice Jacobs,* for Respondent.

TERRELL, C. J.—The petitioner, as plaintiff, recovered a judgment at law for $1,200.00 against respondent, as defendant, on an indemnity agreement. Said judgment was dated December 31, 1937, and was procured in the Civil Court of Record of Dade County. Proceedings supplementary to execution and other proceedings were had which are not necessary to relate; suffice it to say that the judgment was ultimately affirmed by the Circuit Court of Dade County. Writ of certiorari was granted by this Court to review that judgment.

Petitioner urges two questions as grounds for quashing the judgment of the circuit court while respondent urges four questions as grounds for quashing the writ of certiorari.

Proceedings to review judgments of civil courts of record are controlled by Chapter 15666, Acts of 1931 (Extra Session), same being Section 5168, (1) to (12) inclusive, Volume IV, Permanent Supplement, Compiled General Laws of 1927. This Act gives the circuit court in any county where a civil court of record is created, final appellate jurisdiction in

all cases arising in the latter courts. It defines in detail the manner in which such cases shall be reviewed, how the circuit court shall be organized as an appellate court, and the manner of handling and disposing of cases brought to it as an appellate court. Section 3 of said Act provides that writs of error to review judgments of the civil court of record by the circuit court "shall be sued out not later than thirty days after the entry of the final judgment sought to be reviewed," unless the judge for good cause shown, shall extend the time.

The record has been examined and the writ of error does not appear to have been taken to the final judgment which was entered more than seven months before it (writ of error) was sued out. From the terms of the judgment of affirmance by the circuit court, we cannot tell what judgment it affirmed but on its face, the writ of error appears to have been directed to the order of the civil court of record, which, among other things, sustained defendant's exceptions to the commissioner's report and was dated June 23, 1938.

The writ of error was accordingly ineffective to review the final judgment of the civil court of record but if it had been sued out as the law directs, the judgment of the Circuit Court should be quashed because it is fatally defective in that it was not made and entered as the law directs and, being so, the judgment of the civil court of record was automatically affirmed under the law.

Chapter 15666, Acts of 1931, constitutes the circuit courts in all counties where civil courts of record are created as appellate courts to review writs of error from the latter courts. Section 8 designates the second Monday in January and alternate months of the year as appellate days and makes it the duty of all the circuit judges to sit *en banc* if there are more than one to hear, consider, and determine

cases brought before them by writ of error to the civil court of record. It is made the duty of each judge or a majority of them to attend on appellate days and a concurrence of a majority of the members of the court is necessary to a decision and in default of such concurrence, the judgment of the civil court of record in said cause shall stand automatically affirmed. It is further made the duty of circuit courts to finally hear, consider, and determine the causes brought before them within five months of the return day of the writ of error and in case no determination is entered of record in any such cause, the judgment of the civil court of record shall stand automatically affirmed unless it is made to appear that one or more of the judges is absent from the county.

This Court takes judicial knowledge of the fact that there are four circuit judges in Dade County and that three of them constitute a quorum to transact such appellate business. In other words, three judges must participate in and concur in the disposition of each and every cause. It is shown that only two circuit judges participated in the disposition of the judgment brought in question and, being so, it was a nullity.

Section 1 of Article V, Constitution of Florida, authorizes the Legislature to set up other courts and commissions than those in terms designated therein. It was therefore competent for the legislature to create appellate courts composed of circuit judges to review judgments of the civil court of record and to provide the procedure for such review. The procedure required must be substantially followed; otherwise, their judgments will be devoid of force or effect and by the terms of the Act, the judgment of the civil court of record is automatically affirmed.

The *rem* precipitating this litigation was a claim asserted

by petitioner to the disability income benefits from certain life insurance policies, the question being whether or not they were exempt from execution where the policies or the life insurance features were not surrendered.

The judge of the civil court of record held them to be exempt under Section 7066, Compiled General Laws of 1927, and the circuit court, though its judgment was a nullity, approved this decision.

This opinion might have been concluded by the answer to the first question but the second question was squarely presented and is answered because of its public importance.

The judgment of the circuit court is therefore quashed.

It is so ordered.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

ON PETITION FOR REHEARING

TERRELL, C. J.—On petition for rehearing our attention is directed to certain ambiguities in the former opinion filed herein July 28, 1939. We have accordingly concluded that in the interest of clarity, the said opinion should be withdrawn from the files of the Court and this opinion substituted in its stead.

The petitioner, as plaintiff, recovered a judgment at law for $1,200.00 against respondent, as defendant, on an indemnity agreement. Said judgment was dated December 31, 1937, and was procured in the Civil Court of Record of Dade County. Proceedings supplementary to execution were had wherein a final judgment or order was procured which was ultimately affirmed by the Circuit Court of Dade County. Writ of certiorari was granted by this Court to review that judgment.

Petitioner urges two questions as grounds for quashing the judgment of the circuit court while respondent urges four questions as grounds for quashing the writ of certiorari.

Proceedings to review judgments of civil courts of record are controlled by Chapter 15666, Acts of 1931 (Extra Session), same being Section 5168, (1) to (12) inclusive, Volume 4, Permanent Supplement, Compiled General Laws of 1927. This Act gives the circuit court in any county where a civil court of record is created, final appellate jurisdiction in all cases arising in the latter courts. It defines in detail the manner in which such cases shall be reviewed, how the circuit court shall be organized as an appellate court, and the manner of handling and disposing of cases brought to it as an appellate court. Section 3 of said Act provides that writs of error to review judgments of the civil court of record by the circuit court "shall be sued out not later than thirty days after the entry of the final judgment sought to be reviewed," unless the judge for good cause shown, shall extend the time.

Chapter 15666, Acts of 1931, constitutes the circuit court in all counties where civil courts of record are created appellate courts to review writs of error from the latter courts. Section 8 designates the second Monday in January and alternate months of the year as appellate days and makes it the duty of all the circuit judges to sit *en banc,* if there are more than one, to hear, consider, and determine cases brought before them by writ of error to the civil court of record. It is made the duty of each judge or a majority of them to attend on appellate days and a concurrence of a majority of the members of the Court is necessary to a decision and in default of such concurrence, the judgment of the civil court of record in said cause shall stand automatically affirmed. It is further made the duty of circuit

courts to finally hear, consider, and determine the causes brought before them within five months of the return day of the writ of error and in case no determination is entered of record in any such cause, the judgment of the civil court of record shall stand automatically affirmed unless it is made to appear that one or more of the judges is absent from the county. (This last provision, as to automatic affirmance after five months, was held void in State v. Barnes, 119 Fla. 405, 161 So. 568.)

This Court takes judicial knowledge of the fact that there are four circuit judges in the Eleventh Judicial Circuit and that three of them constitute a quorum to transact such appellate business. In other words, three judges must participate in the disposition of each and every cause. It is shown that only two circuit judges participated in the disposition of the judgment brought in question and, being so, it was voidable.

Section 1 of Article V, Constitution of Florida, authorizes the Legislature to set up other courts and commissions than those in terms designated therein. It was therefore competent for the Legislature to create appellate courts composed of circuit judges to review judgments of the civil court of record and to provide the procedure for such review. The procedure required must be substantially followed; otherwise, their judgments will be devoid of force and effect and by the terms of the Act, the judgment of the civil court of record is automatically affirmed.

The *res* precipitating this litigation was a claim asserted by petitioner to the disability income benefits from certain life insurance policies, the question being whether or not they were exempt from execution where the policies or the life insurance features were not surrendered.

The judge of the civil court of record held them to be

exempt under Section 7066, C. G. L. of 1927, and the circuit court though its judgment was voidable, approved that decision, apparently relying on Bank of Greenwood v. Rawles, et al., 117 Fla. 381, 158 So. 173.

This was an incorrect construction of Section 7066, C. G. L. of 1927, as it was of the case last cited if relied on. Section 7066 C. G. L. of 1927, exempts the cash surrender values of life insurance policies from attachment, garnishment or other legal process in favor of creditors. Disability income benefits are provided under separate contract from cash surrender values and the one is no part of the latter. Disability income benefits inure to the insured in his lifetime, while cash surrender values inure at death or under conditions stated to the insured or to his devisees, legatees or heirs. In the law of insurance disability income benefits and cash surrender values are clearly distinguishable, operate on separate and well defined subjects and there is nothing whatever in Section 7066 C. G. L. of 1927 to indicate that it intended to reach disability income benefits.

Respondent relies on Bank of Greenwood v. Rawls, 117 Fla. 381; 158 So. 173, to counter this position. We have not overlooked this case in reaching our conclusion, but we think it is clearly distinguishable from the case at bar. There was no inherent right to have the proceeds of life insurance exempted, and the statute relied on does not in terms reach disability benefits and in the Rawls case the policy was settled and discharged and the beneficiaries cut off.

It follows that disability income benefits are not exempt from execution by Section 7066 C. G. L. of 1927 when the life insurance features are not surrendered. Legg v. St. John Truster, 296 U. S. 489; 80 L. Ed. 345.

This opinion might have been concluded by the answer to

the first question but the second question was squarely presented and is answered because of its public importance.

The judgment of the circuit court affirming the judgment of the civil court of record is therefore quashed.

It is so ordered.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.