**JOSEPHINE FARRAGUT v. CITY OF TAMPA, a municipal corporation.**

22 So. (2nd) 645                                  June Term, 1945
June 26, 1945                                           En Banc

*Charles C. Corces,* for petitioner.

*Karl E. Whitaker,* and *Forrest O. Hobbs,* for respondent.

BROWN, J.:

This case is before us on petition for writ of certiorari to review and quash the judgment of affirmance by the Circuit Court of Hillsborough County of the judgment of conviction of the petitioner by the municipal court of the City of Tampa for the violation of a City ordinance. Evidence procured pursuant to a search warrant which had been issued by the judge of the municipal court of Tampa was admitted in evidence on the trial in the municipal court over defendant's objection. The affidavit for the search warrant and the search warrant itself appear to be in due form. The point upon which the petitioner here relies, as shown by her petition and upon which petitioner, as defendant below, mainly relied on her appeal to the circuit court was and is that the municipal court, acting through its judge, had no legal authority to issue a search warrant. Incidentally we might mention that, contrary to petitioner's contention in the trial court, the circuit court found that the record nowhere showed that the premises had been occupied or used as a dwelling house; that on the contrary it was referred to in the bill of exceptions as a rooming house and that the record further shows that it was described as a building at a certain street address "used for the purposes of prostitution" etc. Aside from that, as above stated, the question raised on this petition for certiorari is the authority of the municipal court of

Tampa to issue a search warrant in aid of a prosecution for the violation of a municipal ordinance.

The real question here simmers down to this: May the Legislature of Florida authorize a municipal court, or the judge of such court, acting as such judge, to issue search warrants in aid of the enforcement of municipal ordinances, where such search warrant and the affidavit upon which it was based are otherwise legally sufficient?

Petitioner for certiorari relies upon the rather recent case of State ex. rel Wilson v. Quigg, 17 So. (2nd) 697, 154 Fla. 348, but in that case we were dealing with a search warrant issued by a circuit judge and made returnable before the Judge of the Municipal Court of Miami, upon whom the Legislature had not attempted to confer the authority to issue a search warrant. In the opinion in that case it was stated, perhaps too broadly, that a judge of a municipal court is without authority to issue a search warrant; citing Hart v. State, 89 Fla. 202, 103 So. 633. But in the Quigg case and also in the Hart case no showing was made, or indeed could have been made, that the Legislature had ever conferred the authority or power upon the municipal courts and judges involved in those cases to issue search warrants. In the absence of such legislative action, the general rule is that the judge of a municipal court has no authority to issue a search warrant. It was also held in State v. Quigg, supra, that the violation of a city ordinance is not tantamount to a violation of the "laws of the State." At the time this writer wrote that opinion he had no knowledge that the Legislature of Florida had ever attempted to confer authority to issue search warrants upon a municipal court or judge.

But in this case it appears that in 1923 our Legislature passed a statute, Chapter 9922, Special Acts of 1923, entitled:

"An Act to Authorize and empower the Judge of the Municipal Court of Tampa to issue search warrants in aid of the enforcement of ordinances of said City to be executed within the limits of said City; to Regulate their Issuance, Service and Return."

This Act is quite full and complete, apparently carefully drawn. The only question is, on this record, the power of the Legislature to adopt such a statute.

We are all familiar with the legal doctrine that the Legislature can pass any Act which legislative wisdom dictates so long as such Act is not in conflict, either expressly or impliedly, with any provision of our State or Federal Constitutions.

This Act is not in conflict with Section 22 of the Declaration of Rights contained in our Constitution which reads as follows:

"Section 22. The right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches, shall not be violated, and no warrants issued, but upon probable cause, supported by oath or affirmation, particularly describing the place or places to be searched and the person or persons, and thing or things, to be seized."

Nor was the passage of this Special Act in conflict with Section 20 of Article III of our Constitution, which Section prohibits the passage of special or local laws in certain enumerated cases, "that is to say, regulating the jurisdiction and duties of any class of officers, except municipal officers, or for the punishment of crime or misdemeanor; regulating the practice of courts of justice, except municipal courts;" etc. So, this Section of the Constitution permits the Legislature to pass special or local laws regulating the jurisdiction and duties of municipal officers, and also regulating the practice of municipal courts; thus reinforcing the broad general powers which Section 8 of Article VIII of our Constitution gives to the Legislature with reference to the governments of municipalities.

And Section 34 of Article V of the Constitution reads:

"The Legislature may establish in incorporated towns and cities courts for the punishment of offenses against municipal ordinances."

In McDaniel v. Harvell, 81 Fla. 66, 87 So. 631, it was held that the judges of the inferior courts, such as a municipal court, as well as judges of courts of superior or general juris-

diction, are exempt from civil liability in damages for their jurisdictional acts, even when such acts are in excess of their jurisdiction, provided there is not a clear absence of jurisdiction. This decision clearly recognizes that judges of municipal courts are judicial officers.

Furthermore, Section 10, Article V of the Constitution provides that the judicial power of the State shall be vested in certain named courts, "and such other courts or commis- sions as the Legislature may from time to time ordain and establish."

So under our Constitution it is perfectly apparent that municipal courts are recognized as courts by our Constitution even though their jurisdiction is limited to cases involving the violation of a municipal ordinance.

In Cornelius on Search and Seizure, Section 155, it is said that the subject of what judicial officers are authorized to issue search warrants is in both Federal and State jurisdictions a subject which is wholly statutory. The author adds:

"A search warrant may be issued under various state statutory provisions—usually either by a justice of the peace, police magistrate or judge—or any other inferior court clothed by statute with authority to act for that purpose."

The purposes for which a search warrant may be issued are treated in Section 156 of the same work and in Section 158 it is said:

"The mandate of the search warrant whether State or Federal must direct some officer or class of officers authorized by law to execute the warrant."

The special Act here involved provides that the warrant shall be directed to any police officer, policeman or special policeman of the City of Tampa.

In this general connection we might note that it is generally held that courts of limited or inferior jurisdiction are confined within the limits of the power granted and that no power will be regarded as granted by implication other than those which are necessary for the full exercise of the powers expressly granted. 21 C.J.S. 446. See also in this general connection 21 C.J.S. 127 and 15 C.J. 863.

In brief of counsel for the respondent, Section 21 of the revised charter of the City of Tampa is quoted. This Section provides for the election of the municipal judge by the qualified electors of the City and sets forth in general terms his duties and powers, among which is the power to issue search warrants upon affidavit or other evidence as required by existing statutes. It is also made the duty of the said judge to hold daily terms for the trial of all persons charged with the violation of any of the ordinances of the City.

The rather broad powers of the Legislature under Section 1 of Article V, hereinabove referred to, are illustrated by the opinions of this Court in the cases of State v. Sullivan, 95 Fla. 191, 116 So. 255 and Western Casualty and Insurance Co. v. Rotter, 139 Fla. 854, 191 So. 78.

Of course, in all cases no matter from what court issued, the provisions of Section 22 of the Declaration of Rights must be observed in order to give validity to search warrants, the object of which section is that "the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated."

To guard against this, said section provides that no search warrants shall be issued "but upon probable cause, supported by oath or affirmation, particularly describing the place or places to be searched and the person or persons, and the thing or things, to be seized."

Circuit Judge Sandler filed a well considered opinion in connection with his judgment affirming the judgment of the municipal court. This case involves a question not heretofore cited in this jurisdiction, but it appears to have been at least impliedly passed on in Nicholas v. City of Cleveland, (Ohio) 182 N. E. 26.

We find nothing in the record showing that the lower court did not proceed in accordance with the usual requirements of the law. The petition for writ of certiorari is therefore denied.

CHAPMAN, C. J., TERRELL, BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.