## TOWN OF WEST MIAMI v. SISSON.

Circuit Court, Dade County, Criminal Appeal.

July 15, 1954.

David D. Phillips, Miami, for appellant.

George E. Patterson, Jr., Miami, for appellee.

VINCENT C. GIBLIN, Circuit Judge.

The appellant, Dwight Sisson, has appealed to this court from each of two judgments of conviction rendered against him by the court below. For the sake of clarity the case in which the first of such judgments was entered will be referred to as case #684 and the case in which the second of such judgments was entered will be referred to as case #980 (such numbers having been assigned by the clerk of the court below). The cases were consolidated (by agreement) for hearing and disposition.

In case #684 appellant was charged with having operated an automobile while under the influence of intoxicants. He was adjudged guilty of such offense by the court below on September 30, 1952, but the trial judge ordered that "entering of sentence be withheld."

On March 30, 1954, (18 months after he had been adjudged guilty), at the trial of case #980 in which he was found guilty of the offenses of public drunkenness and obstructing traffic, the sentence which had been "withheld" in case #684 was pronounced. A fine of $175 was imposed and his motor vehicle operator's license was suspended for one year.

Appropriately presented for determination in case #684 is the question whether the court below had the jurisdictional power to "withhold" or defer the pronouncement of sentence and 18 months later to pronounce it.

Such power is vested in, and is frequently exercised by, courts of general jurisdiction having stated terms for the trial of criminal actions, unless deprived of such power by organic or statutory law. See 3 A.L.R. 1012; 97 A.L.R. 906; 15 Am. Jur. 141; Bronson v. State (Fla.), 30 So. 2d 873. A municipal court, however, is not such a court. It is a court of limited and inferior jurisdiction. It does not have broad implied powers, but is confined within the limits of powers expressly granted. See Farragut v. City of Tampa (Fla.), 22 So. 2d 645.

Even if the court below had ordered that the pronouncement of sentence be postponed from day to day and term to term (as is

usually done by our criminal court of record), it is my view that such order would have been unauthorized. In my judgment the jurisdictional power of the court to impose sentence did not survive the expiration of the term during which the adjudication of guilt was made.

Accordingly, the judgment entered by the court below in case #684 is reversed.

In case #980 the evidence clearly warranted the adjudication of guilt and the sentence imposed. It would serve no useful purpose to review the testimony. Counsel for appellant in his oral argument made no substantial attack on the judgment entered. Such judgment is affirmed.