PER CURIAM.
On April 29, 1965 the relator, an agent of the United States Bureau of Narcotics, along with two Miami police officers, was charged with conspiracy to violate Section 838.012, Florida Statutes, F.S.A.; with corruptly requesting or soliciting a bribe; and with unlawfully and corruptly accepting a sum of money as a bribe.
The relator, on May 12, 1965, filed a suggestion for writ of prohibition with this court. The same was denied for the relator’s failure to make a prima facie case and to comply with Florida Appellate Rule 4.5, subd. d(l), 31 F.S.A.
The relator thereafter, and within the time set by this court, filed his amended suggestion for writ of prohibition and the matter is before us for consideration.
The relator contends that he is not subject to be tried for violation of Section 838.-012, inasmuch as he is a federal officer and that the statute applies only to a state officer of Florida. Pertinent parts of the statute in question are as follows:
“Any public officer" * * * who * * * corruptly requests, solicits or accepts for himself or another any commission, gift, gratuity, money, property or other valuable thing * * * to do any act beneficial to such public officer * * * under an agreement or with an understanding between such public officer, * * * and any other person to the effect that such commission, gift, gratuity, money, property, other thing of value or promise will influence the act, vote, opinion, decision, judgment or behavior of such public officer * * * on any matter * * * which may be pending or may by law be brought before him in his public capacity or will influence his act or omission relating to any of his public duties or will cause or induce him to use or exert *811 or procure the use or exertion of any influence upon or with any other public officer * * * shall be guilty of the crime of accepting a bribe.”
The statute sets forth the public policy of the State of Florida in that any public officer who violates the terms thereof can be charged with the crime of bribery. There is no provision therein that it does not apply to federal officers. See State v. Barts, 1944, 132 N.J.L. 74, 38 A.2d 838; Layne v. Sharp, Ky.1907, 105 S.W. 373.
Assuming, arguendo, that the statute should be interpreted as the relator suggests, the relator could still be charged and tried for the crime of conspiracy to commit bribery. A conviction for bribery is not a prerequisite to the charge for conspiracy to commit bribery. The offenses are separate and distinct, as are the penalties. Castro v. United States, 5 Cir., 1961, 296 F.2d 540; King v. State, Fla.1958, 104 So.2d 730.
For the reasons stated, the amended suggestion for writ of prohibition is hereby denied.