PER CURIAM.
Defendant-appellant, Donald B. Bar-mack, a municipal court judge, was indicted by the grand jury on one count of bribery and on a second count of conspiracy to commit bribery. Thereafter, an information was filed on the same counts and a jury trial was held. The prosecution was allowed to introduce into evidence certain tapes of conversations between the defendant and one Blitch. The defendant was acquitted of the conspiracy charge, but the jury found him guilty of bribery.
On appeal, one of appellant’s main contentions is that the lower court erred in ruling that a municipal court judge is a public officer under Florida Statute § 838.-012, F.S.A.
The Florida Supreme Court in Farragut v. City of Tampa, 156 Fla. 107, 22 So.2d 645 (1945), squarely held that judges of municipal courts are judicial officers. See also McDaniel v. Harrell, 81 Fla. 66, 87 So. 631 (1921). Thus, it follows that a municipal court judge is a public officer. See 18A Fla.Jur. Judges § 2 (1971).
Further, assuming arguendo that a municipal judge is not a judicial, officer, he is at the very least a public officer, agent, servant, or employee, the categories included in F.S. § 838.012 F.S.A.[1] The statute sets forth the public policy of the State of Florida in that any public officer who violates the terms thereof can be charged with the crime of bribery. See State ex rel. Marshall v. Turner, Fla.App.1965, 175 So. *248 2d 809. Therefore, appellant’s argument must fail.
After having reviewed the record on appeal, arguments and briefs of counsel and after having listened to the tapes as requested by the appellant, we conclude that there was sufficient evidence to support the jury’s findings. An appellate court will not disturb the findings of the jury where there is substantial evidence in support of the verdict. See 2 Fla.Jur. Appeals § 345 (1963) and cases cited therein.
Accordingly, the judgment herein appealed must be and hereby is affirmed.
Affirmed.

. “838.012 Accepting bribe
“Any public officer, agent, servant, or employee who, after his election, appointment or employment . . . ” ' •