455 So.2d 368 (1984)
Martin GREENBAUM, Petitioner,
v.
George FIRESTONE, Secretary of State, and Sam Silver, Circuit Court Judge, Respondents.
No. 65677.
Supreme Court of Florida.
August 28, 1984.
*369 Bruce S. Rogow, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., Mitchell D. Franks, Chief Trial Counsel and Bruce A. Minnick, Asst. Atty. Gen., Tallahassee, for George Firestone.
Marion E. Sibley, Miami Beach, for Sam Silver.
PER CURIAM.
This cause is before us on a petition for a writ of mandamus or, in the alternative, for quo warranto. We have jurisdiction. Art. V, § 3(b)(8), Fla. Const.
Respondent Silver is an incumbent circuit judge in the Eleventh Judicial Circuit who has filed as a candidate for reelection in the September, 1984, judicial election. Respondent Silver became seventy years of age in September, 1983. Respondent Firestone, acting in a purely ministerial capacity, has certified respondent Silver as a candidate in the forthcoming election.[1] Petitioner Greenbaum is also a candidate for the circuit judgeship currently held by respondent Silver. In his capacity as a candidate and as a citizen taxpayer, petitioner Greenbaum contends that respondent Silver's candidacy violates article V, section 8 of the Florida Constitution which provides in pertinent part:
No justice or judge shall serve after attaining the age of seventy years except upon temporary assignment or to complete a term, one half of which he has served.
Respondent Silver was a municipal judge from 1949 to July, 1972, at which time he was appointed to a circuit judgeship and, subsequently, in September, 1972, elected to a six-year term commencing January, 1973. It is respondent Silver's position that he is exempted from the mandatory retirement age provisions of article V, section 8 because of article V, section 20(e)(2) which provides:
No justice or judge holding office immediately after this article becomes effective who held judicial office on July 1, 1957, shall be subject to retirement from judicial office because of age pursuant to section 8 of this article.
Petitioner denies that a municipal judge is a judicial office and cites article X, section 12(f) which stipulates:
The terms "judicial office," "justices" and "judges" shall not include judges of courts established solely for the trial of violations of ordinances.
Respondent counters with case law holding that municipal judges are judicial officers.[2] Moreover, respondent urges, article X, section 12(f), adopted in 1968 as part of the Constitution of 1968, excludes article V from its operation. Thus, in respondent's view, the definition of judicial office in article X, section 12(f) is nonapplicable.[3] In *370 sum, it is respondent's position that because he was a municipal judge in 1957, he cannot be required to retire as a circuit judge in 1984.
Respondent misapprehends the purpose and the provisions of article V, section 20(e)(2), Florida Constitution. This "grandfather" clause protects incumbents from a change in the law which they could not have foreseen when they entered into their judicial offices. The judicial office held in July, 1957, which is exempted from mandatory retirement, must be the same office held when the mandatory retirement age is reached.[4] Article V, sections 8 and 20(e)(2) were adopted at a special election on March 14, 1972, prior to respondent Silver's appointment to a circuit judgeship. Thus, before entering or seeking office, respondent was aware of the mandatory retirement age. Further, since the original appointment and election in 1972, respondent has sought and obtained reelection in 1978. As we said in State ex rel. Judicial Qualifications Commission v. Rose, 286 So.2d 562, 564 (Fla. 1973):
It is clear that the Constitution means that a judge who has entered by appointment or election to a judgeship knowing that he must retire at age seventy shall do so. This requirement is legally and morally certain. However, it is a different situation where a judge elected to a judgeship and commissioned for a four-year term has no foreknowledge at that time from then existing constitutional language that he will be compelled to retire at seventy.
Respondent Silver's circumstances place him in the former category. He is not eligible for an exception to the mandatory retirement provision of the constitution.
The peremptory writ of mandamus should be issued. Because we believe the respondents will comply with this decision, we withhold issuance of the writ of mandamus at this time.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[1] Respondent Firestone correctly professes no interest in the outcome of the dispute other than its resolution prior to the upcoming election.
[2] Farragut v. City of Tampa, 156 Fla. 107, 22 So.2d 645 (1945); McDaniel v. Harrell, 81 Fla. 66, 87 So. 631 (1921).
[3] The predecessor of article V, section 20(e)(2), article V, section 26(13) of the Constitution of 1885, provided in pertinent part:

The provision for automatic retirement ... does not apply to any person now holding office.
[4] We do note that certain expressly designated courts were grandfathered by constitutional consolidation as set forth in article V, section 20(d)(2), but that circumstance is not present in this case.