646 So.2d 187 (1994)
Donald S. ZUCKERMAN, etc., Petitioner,
v.
HOFRICHTER & QUIAT, P.A., et al., Respondents.
No. 83015.
Supreme Court of Florida.
December 1, 1994.
Paul C. Huck, Sharon L. Wolfe and Christine M. Ng of Cooper & Wolfe, P.A., Miami, for petitioners.
Steven R. Berger of Berger & Chafetz, and Alex Hofrichter, P.A., Miami, for respondents.
SHAW, Justice.
We have for review Donald S. Zuckerman, P.A. v. Hofrichter & Quiat, P.A., 629 So.2d 218 (Fla. 3d DCA 1993), based on direct conflict with Bank of Greenwood v. Rawls, 117 Fla. 381, 158 So. 173 (1934). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the decision below.
The petitioner, Donald S. Zuckerman, who was receiving benefits under a disability insurance policy with Provident Life and Accident Company, sued Provident when it terminated benefit payments. The parties eventually entered into a settlement agreement whereby Zuckerman would receive $75,000 in exchange for a general release and surrender of the policy. In an *188 unrelated case the respondent, Hofrichter & Quiat, obtained a money judgment against Zuckerman, and upon learning of the settlement agreement filed a writ of garnishment against the $75,000. The trial court denied Zuckerman's motion to dismiss the writ and awarded Hofrichter a portion of the funds. The district court affirmed. Zuckerman asserts that the district court's decision should be quashed since benefits paid pursuant to a disability insurance policy fall within the exemption delineated in section 222.18, Florida Statutes (1991), even when such benefits are paid in a lump sum and pursuant to a settlement. Section 222.18 reads as follows:
Disability income benefits under any policy or contract of life, health, accident, or other insurance of whatever form, shall not in any case be liable to attachment, garnishment, or legal process in the state, in favor of any creditor or creditors of the recipient of such disability income benefits, unless such policy or contract of insurance was effected for the benefit of such creditor or creditors.
We agree with Zuckerman's assertion and find that section 222.18 is controlling. We need not resort to rules of construction when, as here, the words of a statute are clear and legislative intent is manifest. See Zuckerman v. Alter, 615 So.2d 661 (Fla. 1993); S.R.G. Corp. v. Department of Revenue, 365 So.2d 687 (Fla. 1978). Section 222.18 expressly reads that disability income benefits "of whatever form" paid pursuant to an insurance contract or policy shall not be subject to garnishment, unless such insurance was effected for a creditor's benefit. The words "of whatever form" are dispositive. The clarity of these words leads us to conclude that the section 222.18 exemption is not contingent upon the form of payment, i.e., lump sum versus monthly payments, nor does it discriminate between monies paid pursuant to settlement or otherwise. We find support for our conclusion in Bank of Greenwood v. Rawls, 117 Fla. 381, 158 So. 173 (1934), which interpreted section 7066, Compiled General Laws (1927),[1] a statute similar to the statute being considered. Greenwood held that the words "upon whatever form" exempted from garnishment any cash value "obtained either by means of negotiation, or pursuant to an agreement for surrendering the policy in consideration of a sum of money to be paid in whole or in part conditioned upon a surrender of the life insurance feature of the policy... ." Id. at 384.
We find, pursuant to section 222.18, Florida Statutes (1991), that disability income benefits paid under any policy or contract of life, health, accident, or other insurance of whatever form are exempt from garnishment, attachment, or legal process in the state without regard to form of payment, unless such policy or contract is effected for the benefit of creditors. The benefits paid to Zuckerman fall within the statutory exemption and are therefore not subject to garnishment. We quash the decision of the court below and remand for proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The section reads:

The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the State of Florida, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor or creditors of the person whose life is so insured, unless the insurance policy was effected for the benefit of such creditor or creditors.