HAZOURI, J.
Technical Chemicals & Products, Inc. (TCPI) appeals from a final order entered in favor of John H. Faro and John H. Faro, P.A. (Faro), dissolving TCPI’s writ of garnishment against Faro’s insurance carrier, Massachusetts Mutual Life Insurance Company (Mass Mutual).
On May 16, 1994, a judgment was entered in favor of Porchester Holdings, Inc. (Porchester) and against John H. Faro, P.A. and John H. Faro, individually, in the amount of $192,000. On May 2, 1998, Por-chester assigned the unsatisfied judgment to TCPI.
At that time, Faro had four insurance policies with Mass Mutual: (1) a limited whole life policy with a face value of $750,000 and current cash surrender value of $217,254.51, (2) a whole life policy with premiums payable to age 65, with a face value of $250,000 and- a current cash surrender value of $45,110.71, (3) a disability insurance policy, with a $4,000 monthly benefit, $1,000 contingent monthly benefit rider, $3,000 extended monthly benefit rider and no cash surrender value, and (4) a disability insurance policy with a $3,000 monthly benefit and no cash surrender value. Faro was receiving disability benefits under the disability policies and a waiver of premiums under the limited whole life and whole life policies.
On November 3, 1998, Mass Mutual issued a check in the amount of $100,000 to Faro, after he requested a loan from the limited whole life policy. On April 15, 1999, TCPI filed a motion for a writ of garnishment on Mass Mutual. At the time TCPI filed the motion for a writ of garnishment, Faro had not cashed the check. On May 6, 1999, Mass Mutual requested a stop payment on the check. Mass Mutual decided not to re-issue the check for $100,000 pending the court’s determination of whether the cash surrender value of the limited whole life policy was subject to garnishment.
On June 30, 1999, Faro filed a motion to dissolve the writ of garnishment. Faro asserted that the cash surrender value of the limited whole life policy and of the whole life policy were completely exempt from garnishment pursuant to section 222.14, Florida Statutes (1997).[1] Mass Mutual asserted the same defenses in its amended answer to the writ of garnishment.
Following a hearing, on January 18, 2000, the trial court entered an order dis *638 solving TCPI’s writ of garnishment. The trial court found that the cash surrender value of the life insurance policies was statutorily exempt from garnishment, pursuant to section 222.14. The trial court reasoned that the fact that Faro requested the cash surrender value in the form of loan proceeds did not entitle TCPI to garnish those proceeds because the cash surrender value of life insurance policies is exempt from garnishment “upon whatever form,” under the plain meaning of section 222.14. As authority, the trial court cited to Zuckerman v. Hofrichter & Quiat, P.A., 646 So.2d 187, 188 (Fla.1994). The trial court found that the cash surrender value of life insurance policies is protected both in the hands of the insurer and the insured.
We affirm the trial court’s order dissolving the writ of garnishment as we agree that section 222.14 protects the cash surrender value of the limited whole life and whole life policies. However, under the facts as presented, the insured, Faro, never received the $100,000 he requested from the cash surrender value of the limited whole life policy because Mass Mutual stopped payment on the check. We, therefore, do not decide the issue of whether TCPI may proceed against these funds once Faro receives them. We need not reach that issue under the present posture of this case and, therefore, decline to do so.
AFFIRMED.
WARNER, C.J., and STONE, J., concur.

. Section 222.14, Florida Statutes (1997), provides:
The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, gar *638 nishment or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor.