792 So.2d 1262 (2001)
John H. FARO, P.A., a Florida corporation, and John H. Faro, individually, Appellants,
v.
PORCHESTER HOLDINGS, INC., et al., Appellees.
Nos. 4D00-2798, 4D00-3219.
District Court of Appeal of Florida, Fourth District.
September 5, 2001.
Donna M. Greenspan of Edwards & Angell, LLP, Palm Beach, for appellants.
Richard A. Ivers of Atkinson, Diner, Stone, Mankuta & Ploucha, P.A., Hollywood, for Appellee Technical Chemicals and Products, Inc.
DELL, J.
John H. Faro and John H. Faro, P.A. appeal two orders: a non-final order denying their amended motion to dissolve a writ of garnishment on Barnett Bank (the Bank) (Case No. 4D00-2798); and a final judgment and order that denied Faro's motion to dissolve a second writ of garnishment on the Bank, and ordered that Technical Chemicals and Products, Inc. (TCPI) recover from the Bank the amounts set aside by the Bank in answer to both writs. On our own motion, we consolidate these cases for disposition.
In 1994, Porchester Holdings, Inc. recovered a judgment of $192,000 against appellants John H. Faro, P.A. and John H. Faro, individually.
Appellant John H. Faro has two life insurance policies with Massachusetts Mutual Life Insurance Company. In 1997, he requested withdrawal of part of the cash surrender value of each of these policies, a total of $30,000, which he then used to purchase a certificate of deposit from the Bank. At the same time, he secured a loan from the Bank, executing a promissory note and assigning the Bank a security interest in the CD as collateral for the loan.
In 1998 appellee TCPI acquired Porchester Holdings' unsatisfied judgment by assignment. TCPI served a writ of garnishment on Barnett Bank.[1] The Bank set *1263 aside $4,750.40 from the $30,000.00 CD, which represented the amount by which the value of the CD exceeded the Bank's security interest. Faro moved to dissolve the writ of garnishment on the grounds that the CD had been funded with the cash surrender value of his life insurance policies, and was therefore statutorily exempt from garnishment. The trial court's denial of that motion to dissolve the writ of garnishment is the subject of the appeal in case No. 00-2798.
TCPI later filed a second writ of garnishment. The Bank responded by setting aside an additional $11,153.77 from the CD. Faro moved to dissolve the second writ on the same grounds. The trial court denied Faro's second motion to dissolve and ordered that TCPI shall recover from the garnishee Bank $15,904.17, the total amount which the Bank set aside in response to TCPI's two writs.[2] The trial court's denial of that motion to dissolve the writ of garnishment, and the final judgment thereon, are the subject of the appeal in Case No. 00-3219.
In both appeals, Faro contends that pursuant to section 222.14, Florida Statutes, the cash surrender value of his life insurance policies continues to be exempt from garnishment even though he has taken possession of it and converted it into another form.
Section 222.14, Florida Statutes (2000), provides:
The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor.
(Emphasis added).
The supreme court in the recent case of Goldenberg v. Sawczak, 791 So.2d 1078 (Fla.2001), reviewed its prior opinions interpreting exemption statutes and stated:
Florida has a long-standing policy that favors liberally construing exemption statutes so as to prevent debtors from becoming public charges. See Killian v. Lawson, 387 So.2d 960, 962 (Fla.1980); Sneed v. Davis, [135 Fla. 271,] 184 So. 865, 869 (Fla.1938). We have construed section 222.14 both prior to and after the 1978 amendment. The Legislature has not responded to alter our construction in either case. Long-term legislative inaction after a court construes a statute amounts to legislative acceptance or approval of that judicial construction. See State v. Hall, 641 So.2d 403, 405 (Fla. 1994); White v. Johnson, 59 So.2d 532, 533 (Fla.1952).
In 1934, we had before us a question concerning the application of the exemption statute to the cash surrender value of a life insurance policy. See Bank of *1264 Greenwood v. Rawls, [117 Fla. 381,] 158 So. 173 (Fla.1934). In Bank of Greenwood, the husband purchased a life insurance policy on his life and named his wife the beneficiary of the policy. See id. at 174. This policy contained a contractual provision where the insured husband could surrender the policy in case of disability and extinguish whatever potential interest his wife had as beneficiary to the policy. See id. at 174 (opinion on rehearing). While insolvent, the insured husband exercised the disability provision and surrendered the policy. See id. The life insurance company sent the husband a settlement check, which he endorsed to his wife who deposited the check. See id.

In a garnishment proceeding instituted to attach the moneys derived from the surrender of the policy, we stated:
[T]he "cash surrender value" of a life insurance policy, as contemplated by our statute above referred to, includes any cash value that may be obtained either by means of negotiation or pursuant to an agreement for surrendering the policy in consideration of a sum of money to be paid in whole or in part conditioned upon a surrender of the life insurance feature of the policy....

Id. at 175 (opinion on rehearing). In reaching this conclusion, we emphasized the "upon whatever form, shall not in any case" language in the exemption statute. See id. at 174-75 (opinion on rehearing) (emphasis added). As we later explained in Zuckerman v. Hofrichter & Quiat, P.A., 646 So.2d 187 (Fla. 1994), the clarity of these words indicate [sic] that the form of payment is not relevant for purposes of having the exemption apply.
Goldenberg, at 1081-82 (footnotes omitted).
Accordingly, we hold that the exemption of section 222.14 applies to the certificate of deposit purchased with the cash surrender value proceeds of Faro's life insurance policies. We reverse the judgment of the trial court and remand with directions to dissolve both of the writs of garnishment.
REVERSED AND REMANDED WITH DIRECTIONS.
TAYLOR, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] In a separate garnishment action, TCPI sought unsuccessfully to garnish Massachusetts Mutual for that part of the cash surrender value of the policies that remained in Massachusetts Mutual's possession. This court in Technical Chemicals & Products, Inc. v. Porchester Holdings, Inc., 785 So.2d 636 (Fla. 4th DCA 2001), held that the cash surrender value of the life insurance policies in the possession of Massachusetts Mutual was exempt from garnishment pursuant to section 222.14, Florida Statutes (1997), but declined to decide whether TCPI could proceed against the funds once Faro received them.
[2] The Bank had also set aside money in a checking account. However, the trial court granted the motion to dissolve with respect to this account, as it had been funded with Faro's disability benefits. TCPI has not cross-appealed this portion of the order.